**RUFUS-ISAACS, ACLAND & GRANTHAM LLP**
*JACQUELINE PERRY (State Bar No. 218367)*
*NEIL J. FRASER (State Bar No. 125651)*
232 North Canon Drive
Beverly Hills, California 90210
Phone:      (310) 274-3803
Fax:          (310) 860-2430
E-Mail:     *jperry@rufuslaw.com/nfraser@rufuslaw.com*

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. FOSTER OGALA; ELDER ENDURE HUMPHREY FISEI; MR. FRESH TALENT; MATTHEW KINGDOM MIESEIGHA; CHRIS WILFRED ITONYO; NATTO IYELA GBARABE, (On Behalf of Themselves and as Representatives of the Communities embedded within the BRASS, EKEREMOR, KOLOKUMA/OPOKUMA, SAGBAMA, SOUTHERN IJAW, NEMBE, OGBIA and YENAGOA LOCAL GOVERNMENT AREAS OF BAYELSA STATE, collectively known as the FUNIWA COMMUNITY), <br><br> Plaintiffs, <br><br> vs. <br><br> CHEVRON CORPORATION, a Delaware Corporation; CHEVRON INVESTMENTS, INC., a Delaware Corporation; CHEVRON U.S.A., INC., a Pennsylvania Corporation; DOES 1 through 100, inclusive, <br><br> Defendants. | CASE NO. : <br><br> **COMPLAINT FOR DAMAGES:** <br><br> 1. **NEGLIGENCE;** <br> 2. **GROSS NEGLIGENCE;** <br> 3. **NEGLIGENCE PER SE;** <br> 4. **WILFUL MISCONDUCT;** <br> 5. **NUISANCE;** <br> 6. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;** <br> 7. **CIVIL CONSPIRACY.** <br><br> **DEMAND FOR JURY TRIAL** |

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

6009.1.3.1b

COMPLAINT

On information and belief, Plaintiffs, by their attorneys, allege as follows:

**INTRODUCTION**

1.      This case arises from an horrific explosion that occurred on the 16th January 2012 involving the K.S. Endeavour (Panama) drilling rig. Fode Drilling Limited was operating the rig for and on behalf of the Chevron Corporation and was drilling gas in the North Apoi Field west of Funiwa Field, identified as Oil Block 86, some 5 nautical miles from the shoreline of the Southern Nigerian coast in the region generally known as the Niger Delta. The explosion caused a fire that raged for some 46 days before the same could be extinguished.

2.      The responsibility for the explosion, the resulting fire and damage consequent upon the fire lies with Defendant Chevron Corporation (formerly known as ChevronTexaco Corporation, and referred to herein as "Chevron Corp."), and/or defendant Chevron Investments, Inc. (formerly known as Chevron Texaco Overseas Petroleum Inc., and Chevron Overseas Petroleum, Inc., and referred to herein as "Chevron Investments"), directly and through its wholly owned subsidiary, Chevron Nigeria Ltd. ("CNL"), and/or Defendant Chevron U.S.A., Inc. (referred to herein as "CUSA"), and specifically one of its divisions, Chevron International Exploration and Production (formerly known as ChevronTexaco Overseas Petroleum and Chevron Overseas Petroleum or "COP" directly and through Chevron Investments and CNL . All of the entities referred to hereinbefore are hereinafter collectively referred to as "Chevron".

3.      The Plaintiffs have suffered: losses to their livelihood; environmental disaster impacting upon food and water supplies; health problems all arising out of the gross negligence of the Defendants jointly and severally. The Plaintiffs seek compensation arising out of the Defendants' gross negligence, willful misconduct, negligence per se, acts of nuisance and negligent infliction of emotional distress and breaches of Nigerian law –in particular the Nigerian Oil Pipelines Act 1990, the Petroleum (Drilling and Production) Regulations 1969 and the Land Use Acts of 1978. The Plaintiffs' entitlement to compensation arises out of their entitlement to use the land, ocean, rivers and waterways for farming, fishing, general dwelling and community activities. By the aforementioned Oil Pipeline Act (supra) §11.5 the Plaintiffs are entitled to

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

1    compensation as a consequence of the rights exercised by license granted to Chevron which result

2    in leakage or damage from a pipeline or ancillary installation. The Plaintiffs are entitled to

3    compensation for unreasonable interference with fishing rights arising out of the Petroleum

4    (Drilling and Production) Regulations 1969 §23.

5                                              **BACKGROUND**

6         4.      Plaintiffs are individuals who represent communities who reside in the Niger Delta

7    region of southern Nigeria. Plaintiffs allege that Defendants Chevron Corp., Chevron Investments

8    and CUSA, were responsible for operating a gas exploration rig off the coast of Koluama situated

9    some 5 nautical miles (approximately 5.8 miles) from the beaches of Koluama in the area

10   collectively known as Funiwa Field. Prior to the 16th January 2012, a series of pump failures on

11   the rig led to a massive build-up of pressure which were reported to Chevron. The instruction from

12   Chevron was to continue drilling the borehole which directly caused a 'blow-out' manifesting

13   itself in an explosion which killed 2 rig workers and created a fire which burned, spreading hydro-

14   carbons, heating the ocean water and polluting the same.  An attempt to extinguish the fire was

15   made by sending a ship equipped with firefighting equipment to the site. This attempt failed when

16   the ship itself was engulfed by the inferno. The fire continued to rage for some 46 days until it was

17   finally extinguished on or about March 2 2012.

18        5.      The grievous harm suffered by Plaintiffs and to the Plaintiffs in respect of their

19   livelihoods, health and the environmental damage to the land, ocean water, fresh water creeks and

20   soil was caused by the activities and instructions of Chevron Nigeria Limited (CNL) who were

21   acting at the behest of, and with the support, cooperation and financial assistance of Defendants

22   Chevron Corp. and/or Chevron Investments, and/or CUSA, including but not limited to the

23   presence and participation of Chevron personnel. By the acts alleged herein, Defendants caused

24   and were responsible for the deaths of rig personnel as well as the harm to the health and well-

25   being of the Plaintiffs in violation of international, federal, California state law and Nigerian law.

26        6.      Plaintiffs bring this action under the California state law, and Nigeria law.

27

28

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

6009.1.3.1b

Rufus-Isaacs Acland &
Grantham LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

**JURISDICTION**

7.     The Court has jurisdiction over this case under 28 U.S.C. §1331 (federal question jurisdiction); 28 U.S.C. §1332 (diversity jurisdiction). Plaintiffs and Defendants are citizens of different states and the damages sought by this Complaint exceed the jurisdictional minimum for this Court.

8.     In addition, Plaintiffs invoke the supplemental jurisdiction of this Court with respect to claims based upon laws of the State of California and of Nigeria pursuant to 28 U.S.C. § 1367.

**PARTIES**

9.     Plaintiffs Dr. Foster Ogola, Elder Endure Humphrey Fisie, Fresh Talent, Barr. Mathew Kingdom Mieseigha, Chris Wilfred Itonyo, Natto Iyela Gbarabe  are all residents and citizen of Nigeria and in particular of the region known as the Delta. Each of the Plaintiffs brings this action on behalf of themselves and their communities for which each has been designated a 'leader'. Some 65, 000 persons have been identified as having been directly affected by, interested in and have claims arising out of the incident of January 16th 2012 and a list of those currently identified with claims are to be found at the offices of the Nigerian representative , A.P. Egbegi of Bayelsa State, Nigeria who holds a power of attorney to act on behalf of the communities and which list will be made available. The said power of attorney has been granted in turn to the attorneys herein representing the Plaintiffs.

10.     Defendant Chevron Corp. is a United States-based corporation organized under the laws of the State of Delaware. Its corporate headquarters are located in San Francisco, California. Defendant Chevron Investments wholly owns and controls CNL, which operates a joint venture with the Nigerian Government owned Nigerian National Petroleum Company ("NNPC") to exploit oil and gas reserves in the Niger Delta.

11.     Defendant Chevron Investments (formerly known as COPI and thereafter CTOP, each a Delaware corporation) is a Delaware corporation and a wholly-owned subsidiary of Chevron     . Its corporate headquarters are located in San Ramon, California. At all relevant

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

1   times, Chevron Investments wholly owned and controlled CNL. At the time of the Funiwa

2   incident, Chevron Investments owned 90% of CNL directly, and owned the other 10% through a

3   wholly-owned subsidiary.

4          12.    On information and belief, Defendant CUSA is a United States based corporation

5   organized under the laws of the State of Pennsylvania, a wholly-owned subsidiary of Chevron

6   Corp., and a corporation licensed to do business and doing business in California, with its

7   corporate headquarters located in San Ramon, California. CUSA has a division called Chevron

8   International Exploration and Production (formerly known as CTOP and/or COP and sometimes

9   referred to as "COPI"), which employs various U.S.-based personnel who are responsible for

10  providing oversight, supervision and planning for the business operations of CNL and other

11  foreign subsidiaries of Defendants Chevron Corporation. Through these personnel, CUSA

12  exercised substantial control over CNL's operations, either directly or as the agent of Chevron

13  Corp and/or Chevron Investments at all times relevant to this action. Plaintiffs are ignorant of the

14  true names and capacities of the Defendants who are sued herein as DOES 3-50, and Plaintiffs sue

15  these Defendants by such fictitious names and capacities. Plaintiffs will amend this Complaint to

16  allege the Does' true names and capacities when ascertained. Plaintiffs are informed and believe,

17  and on that basis allege, that each fictitiously named Defendant is responsible in some manner for

18  the occurrences herein alleged and that the injuries to Plaintiffs herein alleged were proximately

19  caused by the conduct of such Defendants. At all times herein material with respect to the events

20  at issue, Defendants Chevron Corp. and/or Chevron Investments, and/or CUSA were joint-

21  venturers with the Nigerian government and those operating the rig were acting as the agents of

22  and/or working in concert with Chevron Corp. and/or Chevron Investments, and/or CUSA,

23  including but not limited to Chevron management personnel in California and other parts of the

24  United States and Nigeria, and were acting within the course and scope of such agency or

25  employment or concerted activity. The wrongful conduct alleged herein was perpetrated by

26  Chevron management and personnel both in Nigeria and the United States, including California

27  and decisions taken as regards the continuing drilling despite the build-up of dangerous and

28

1  harmful gases were actually taken by or known of or should have been known of and/or

2  participated in, and/or authorized by; and/or paid for by, and/or benefitted and/or confirmed by,

3  and/or ratified by Chevron Corp.

4       13.    At all relevant times CNL, a wholly-owned subsidiary of Chevron Investments,

5  was the agent of Chevron Corp. and/or Chevron Investments and/or CUSA. The holders of many

6  positions, including those at the top, in CNL were employees and/or agents of, and/or were

7  working on assignment from Chevron Investments and/or CUSA. Persons were selected by

8  Chevron Corp and/or Chevron Investments and/or CUSA to staff top CNL positions and given little

9  if any opportunity to refuse a transfer to CNL, and they were rotated back to Chevron Investments,

10  CUSA or another Chevron entity, selected by a Chevron management selection committee, at the

11  end of a fixed term with CNL.

12       14.    Chevron Corp. and/or  Chevron Investments, and/or CUSA commissioned the acts

13  complained of and/or authorized CNL in the commission of the acts alleged herein, and/or  ratified

14  the acts of CNL alleged herein.

15       15.    Whenever and wherever reference is made in this Complaint to any conduct

16  committed by Chevron Corp. or Chevron Investments or CUSA, or their agent, CNL, such

17  allegations and references shall also be deemed to mean the conduct of Chevron Corp., and/or

18  Chevron Investments, and/or CUSA, acting individually, jointly and severally, through personnel

19  working in the United States and Nigeria for the benefit of Chevron Corp. and/o Chevron

20  Investments, and/or CUSA.

21       16.    Plaintiffs are informed and believe and based upon such information and belief

22  allege that Chevron management and other personnel both in California, other parts of the United

23  States and in Nigeria were informed of the ongoing events complained of herein and personally

24  participated in the decision making, planning, preparation, ratification, and/or execution of the

25  continued drilling in the knowledge that dangerous gas build –up was occurring.

26       17.    Whenever and wherever reference is made to individuals who are not named as

27  Defendants in this Complaint, but who were employees/agents of Defendant Chevron Corp. and/or

28

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA  90210
Tel (310) 274-3803  •  Fax (310) 860-2430

1  Chevron Investments, and/or CUSA, such individuals at all relevant times acted on behalf of

2  Chevron Corp. and/or Chevron Investments, and/or CUSA and within the scope of their respective

3  employments.

4  **STATEMENT OF FACTS**

5       18.     The Niger Delta is located in southern Nigeria. Defendants Chevron Corp. and/or

6  Chevron Investments, and/or CUSA, through their agent CNL, were at all material times the

7  operator of a joint project with the Nigerian government for petroleum extraction, gas exploration

8  and development and export from the Niger Delta.

9       19.     Workers were employed on the rig which, to the best of the information and belief

10  of Plaintiffs, was operated by KS Drilling, a subsidiary of KS Energy, which, was in turn

11  employed as a sub-contractor for Field Offshore Design Engineering Limited,  to drill a gas

12  exploration well in the ocean area known as Funiwa. The entire operation was conducted for and

13  on behalf of Chevron.

14       20.     Prior to the events out of which this claim arises, Chevron's activities in the Niger

15  Delta had, among other things, eroded and destroyed agricultural land, forests and swamps and

16  contaminated the local water supply thereby killing the fish and wildlife upon which the local

17  economies had been based for centuries. Chevron has pumped oil and gas out of the Niger Delta

18  and has caused environmental degradation without adequately compensating the people of that

19  region or adequately providing alternative sources of livelihood.

20

21  **Funiwa Incident, January 2012 and General Allegations**

22       21.   In January 2012 the platform rig, the KS Endeavour operated by KS Drilling for and

23  on behalf of Chevron was drilling for natural gas in the ocean off the Nigerian coast in the Funiwa

24  field. Prior to the ultimate explosion, reports of equipment failures and smoke as well as gas build-

25  up had been communicated to CNL. CNL simply arranged for more staff to attend at the rig. For at

26  least one week, the borehole was emitting large quantities of smoke but Chevron failed/and/or

27  refused to permit the rig to be shutdown or evacuated. It is believed that a series of pump failures

28

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA  90210
Tel (310) 274-3803  •  Fax (310) 860-2430

6009.1.3.1b

1  caused the build-up of gas. Despite actual advice from engineers on site to apply gas pressure

2  controls and to evacuate the rig, Chevron refused or failed to heed the advice but instead ordered

3  that drilling continue. To the best of Plaintiffs' knowledge and belief, Chevron had prior experience

4  with pump failures in attempting to conduct gas exploration and had abandoned a previous

5  exploration well some weeks earlier.

6          22.    Chevron willfully refused or failed to desist from drilling, alternatively they were

7  grossly negligent in their conduct when they refused or failed to stop activity on the rig and indeed

8  evacuate the same.

9          23      As a consequence of the wholesale failure to take cognizance of and act upon

10  the operational faults reported and the signs and symptoms of a gas build-up, on the morning of

11  January 16 2012, a massive explosion occurred sending vast quantities of hydro-carbon gases into

12  the ocean, setting off a fire that burned fiercely for some 46 days, creating pollution of both air and

13  water which has seeped into soil, fresh water creeks, fisheries and drinking wells as well as

14  creating trauma and fear causing the death of two rig employees.

15          24      This claim is being brought by Plaintiffs on their own behalf and on behalf of

16  members of the communities of Brass, Ekeremor, Kolokuma/Opokuma, Sagbama, Southern Ijaw,

17  Nembe, Ogbia and Yenegoa Local Government Area of Bayelsa State which are among the main

18  areas affected by the explosion and where the Plaintiffs, their communities and families reside.

19          25      Expert reports have concluded that there have been significant environmental

20  impacts and all areas have been subjected to various degrees of damage.  Dead or diseased fish and

21  livestock, contaminated water and soil and general health breakdown within the communities due

22  to contaminated air have all been observed as a consequence of this explosion and fire.

23          26      Economic damages sustained include, but are not limited to, past, present and

24  future damage, destruction, or diminution in value of assets, real and personal property, loss of

25  income and revenue, loss of resources, loss of use, costs of clean-up, restoration, remediation,

26  costs of public services, other damages, losses and costs as a result of the fire and hydro-carbon

27  contamination.

28

Rufus-Isaacs Acland &
Grantham LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

27      Plaintiffs reasonably estimate their compensatory damages for past, present, and future losses under Common law and California State law and Nigerian law as provided and allowed under existing laws to be in excess of Five Billion Dollars.

28      As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiffs have suffered and will continue to suffer harm, including pain and suffering, and extreme and severe mental anguish arising out of the destruction of their livelihood and emotional distress arising out of destruction of their environment as well as harm to their health and that of their families.

29      There is a wholly unreliable functioning judiciary in Nigeria and any suit against Defendants there would have been and would be futile. Further and arising out of the Plaintiffs' information and belief it is alleged that Chevron has sought to interfere with any legal process that might be brought in Nigeria by offering or actually paying monies to parties who are in a position to influence any legal process contrary to US Federal law (Foreign Corrupt Practices Act 1977 (15 U.S.C § 78 dd.1).

## CAUSES OF ACTION

### COUNT ONE

### Negligence, Gross Negligence, and Willful Misconduct of Chevron

1.      Plaintiffs sue Chevron, reallege and reaver each and every allegation set forth in all the preceding paragraphs of this Complaint, as fully set forth herein and further state:

2.      Plaintiffs are financially dependent on the condition of the waters of Southern Nigeria and the marine life contained therein; thus when marine life and the quality of the said waters perish, so do Plaintiffs' subsistence, businesses and income.

3.      Chevron owed the Plaintiffs a duty to refrain from action that causes damage to the Nigerian coastal waters and the marine ecosystem upon which Plaintiffs' property and income are financially and economically dependent.

Chevron owed and breached duties of reasonable care to ensure the safety of their operations and

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

to guard against and prevent the risk of a blowout and hydro-carbon escape and its effects in the Nigerian territorial waters and on Nigerian shores.

4. Chevron owed and breached duties of ordinary and reasonable care with respect to the design and manufacture and maintenance of the equipment used on the KS Endeavour rig.

5. The incidents described above that caused damage to Plaintiffs were a proximate result of the negligence, gross negligence, and/or willful misconduct of Chevron through their agents, servants, employees, contractors and other persons or entities for whose conduct Defendants are responsible and which are more particularly described as follows:

(a) Failing to ensure that the KS Endeavour was operated in a safe manner;

(b) Operating the KS Endeavour or permitting it to operate in such a manner that a fire and explosion occurred onboard, resulting in a hydro-carbon escape;

(c) Failing to properly inspect the KS Endeavour to ensure that its equipment and personnel were fit for their intended purpose;

(d) Failing to promulgate, implement, and enforce rules and regulations pertaining to the safe operations of the KS Endeavour, which, if they had been promulgated, implemented, and enforced, would have averted the fire, explosion and hydro-carbon escape;

(e) Failing to adhere to applicable safety, construction, and/or operating regulations, including, but not limited to, regulations designed to prevent the fire, explosion, and hydro-carbon escape;

(f) Failing to take appropriate or any action to avoid or mitigate the blowout;

(g) Failing to heed or act upon concerns and warnings from employees engaged in the drilling operations on board the KS Endeavour;

(h) Failing to ascertain that the KS Endeavour and its equipment were free from defects and/or in proper working order;

(i) Failing to timely warn;

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(j) Failing to ensure that adequate plans, equipment, safeguards, resources and technology were readily available to prevent and/or mitigate the effects of the loss of control of the drilling of a borehole with the consequent and unfettered discharge of hydro-carbons into the ocean off the southern Nigerian coast;

(k) Failing to timely bring the gas and toxic materials escaping under control and to prevent the escape from migrating throughout the region whereby it spread to the shoreline and beyond;

(l) Failing to provide appropriate accident prevention equipment;

(m) Failing to conduct borehole drilling operations properly;

(n) Failing to have a reasonably adequate borehole drilling control plan;

(o) Failing to exercise reasonable care in the design and implementation of both well control efforts and response and recovery efforts;

(p) Failing to ensure that adequate plans, equipment, safeguards, resources, and technology were available to prevent or mitigate the quantity of hazardous material that would enter into and affect Nigerian territorial waters, land, rivers, creeks as well as real property;

6. Defendants were aware at all times relevant hereto that their operations and the acts and/or omissions described above created an unreasonable risk of harm and knew that catastrophic environmental destruction and economic loss would occur if the borehole being drilled by the KS Endeavour were to blow out.

7. Defendants were indifferent to this risk of harm. Defendants intentionally failed to perform the duties owed to Plaintiffs in reckless disregard of the consequences their actions and/or omissions would have on Plaintiffs.

8. Moreover, Defendants acted intentionally with knowledge that their acts had a high probability of, and would likely cause, damage, or in such a way as to allow an inference of a reckless disregard of the probable consequences of their acts. Therefore, Defendants are also liable

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

1  to Plaintiffs for gross negligence and/or willful misconduct.

2      9.    Plaintiffs have suffered and will continue to suffer significant economic damages

3  and loss of business due to the impact on the marine environment, fish and shellfish populations,

4  as well as to the waters, from the disaster as described herein.

5      10.    The hydro-carbon escape and subsequent failure of response and recovery efforts

6  that have caused damage and continue to cause damage to Plaintiff were proximately caused by

7  Defendants' negligence, gross negligence and/or willful misconduct.

8      11.    Further, upon information and belief, the toxic escape was proximately caused by

9  the Defendants' violation of applicable federal safety, construction, or operating regulations and/or

10  by violations of such regulations by an agent or employee of the Defendants and/or a person acting

11  pursuant to a contractual relationship with Defendants and/or by violations of the Nigerian Oil

12  Pipelines Act 1990, the Petroleum (Drilling and Production) Regulations 1969 and the Land Use

13  Acts of 1978 in Defendants' use and employment of ancillary structures to its oil drilling

14  operations within the region.

15      12.    Defendants had a duty to conform their conduct in such a manner as to ensure that

16  a blowout would not occur, that the rig would not explode and that an uncontrolled gas escape and

17  fire would not result.

18      13.    Defendants failed to conform their conduct to the appropriate legal standard,

19  thereby breaching their duty to assure that a blowout would not occur, that the rig would not

20  explode and that an uncontrolled gas escape and fire would not result.

21      14.    Defendants' substandard conduct in failing to prevent the blowout, the ensuing

22  destruction, and the uncontrolled discharge of gas and the fire was the cause-in-fact of the harm

23  and damages suffered by the Plaintiffs.

24      15.    Defendants' substandard conduct in failing to prevent and/or contain the blowout

25  that resulted in the escape of hydro-carbon gas and the fire was the legal cause of the Plaintiff s

26  harm and damages.

27      16.    In addition, and/or in the alternative, the Defendants knew or ought to have known

28

of the impending and imminent dangers of a blow-out with all the consequent explosion, fire and toxic pollution into the water and environment and were guilty of a wholesale failure to properly inspect the progress of the work and thereby failed to heed warnings of the imminent and impending disaster which they would and could have been prevented by ordering a shut down of the borehole which acts and decisions were in the control of the Defendants. Defendants knew or should have known of these defects leading to the explosion and ensuing gas escape and Defendants are thus liable for the defects.

17.     Chevron's duties are non-delegable.

18.     It was foreseeable that the Defendants' actions and/or omissions, resulting in the explosion on the KS Endeavour, the resulting fire and the ensuing uncontrolled gas escape, would proximately cause the damages and harm that Plaintiffs did suffer and will continue to suffer, as alleged herein.

19.     The loss and damage to the Plaintiffs were also caused or aggravated by the fact that Defendants failed to take reasonably necessary actions to mitigate the dangers associated with their operations.

20.     As a direct and proximate result of the Defendants' negligence, and gross negligence, recklessness and willful and wanton misconduct, Plaintiffs have suffered and will continue to suffer significant physical, economic and other damages in excess of $75,000.00 as set forth herein, and are entitled to recover compensatory damages including, but not limited to, pain and suffering, damage and threat to health of persons within the community; diminished value of real and personal property, loss of income and revenue, loss of business, goodwill, loss of natural marine resources, loss of farming resources and other incidental or consequential damages resulting from Defendants' conduct.

21.     The Defendants are liable jointly and severally for Plaintiffs' damages resulting from Defendants' negligence and gross negligence. As a result of Defendants' gross negligence, Plaintiffs are also entitled to punitive damages.

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA  90210
Tel (310) 274-3803  •  Fax (310) 860-2430

**COUNT II**

**Negligence, res ipsa loquitur**

22.     Plaintiffs sue all Defendants and reallege each and every allegation set forth in all the preceding paragraphs of this Complaint, as if fully restated here.

23.     At all times material hereto Defendants, through their agents were participating in drilling operations on board the KS Endeavour in the waters comprising the Funiwa field off the southern coast of the Niger Delta.

24.     At all times material hereto Defendants owed and breached duties of ordinary and reasonable care to Plaintiffs in connection with the operations on the KS Endeavour and the maintenance of the vessel, its appurtenances and equipment, and additionally owed and breached duties to Plaintiffs to guard against and/or prevent the risk of a hydro-carbon gas escape spill.

25.     The existence and breach of these legal duties are established under the general common law, maritime law, Californian and Nigerian state law as deemed applicable herein.

26.     Plaintiffs as dwellers, owners lessors, lessees, occupiers or merely as licensees under Nigerian state entitlement to use and operate the land and seas for health, welfare and business use and/or who are and were dependent upon the Nigerian coastal waters and their tributaries for their livelihood and income, were within an appreciable zone of risk and, as such, Defendants were obligated to protect them and take responsibility for the actions of their servants or agents in carrying out operations within the zone.

27.     The blowout and explosion on the KS Endeavour, and the resulting fire and escape of gas were caused by the actions and/or omissions of Defendants which render them jointly, severally, and solidarily liable to Plaintiff.

28.     Defendants knew of the dangers associated with deep water drilling and failed to

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA  90210
Tel (310) 274-3803 • Fax (310) 860-2430

1  take appropriate measures to prevent damage to Plaintiffs and to Nigeria' s marine and coastal

2  environments and estuarine areas.

3      29.    Defendants were under a duty to exercise reasonable care while participating in

4  drilling operations on the KS Endeavour to ensure that a blowout and subsequent gas escape did

5  not occur as a result of such operations.

6      30.    Defendants were under a duty to exercise reasonable care to ensure that if hydro-

7  carbon gas was discharged in the event of a blowout, it would be contained and/or stopped within

8  the immediate vicinity of the KS Endeavour in an expeditious manner.

9      31.    Defendants knew or should have known that the acts and omissions described

10  herein could result in damage to Plaintiffs.

11      32.    Defendants, respectively and collectively, failed to exercise reasonable care while

12  participating in drilling operations to ensure that a blowout and subsequent gas escape did not

13  occur, and thereby breached duties owed to Plaintiffs.

14      33.    Defendants, respectively and collectively, failed to exercise reasonable care to

15  ensure that adequate safeguards, protocols, procedures and resources would be readily available to

16  prevent and/or mitigate the effects of an uncontrolled gas escape into the waters and environment

17  of the southern coastal region of Nigeria, and thereby breached duties owed to Plaintiffs.

18      34.    The conduct of the Defendants with regard to the manufacture, maintenance and/or

19  operation of drilling operations and oil rigs such as the KS Endeavour and its appurtenances and

20  equipment is governed by numerous state and federal laws and in particular the Nigerian Oil

21  Pipelines Act 1990 § 11 which sets out a statutory basis for compensation in the event that a

22  license holder such as CNL on behalf of Chevron causes damage to land or interest in land or

23  rights pertaining to the use of land by reason of negligence on the part of the license holder. These

24  laws create statutory standards that are intended to protect and benefit Plaintiffs. The Defendants

25  violated these statutory standards.

26      35.    The violations of these statutory standards constitute negligence per se under

27  Californian, Nigerian, and the general maritime law.

28

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

6009.1.3.1b

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

36.     Defendants also violated the International Safety and Management Code ("ISM"), as adopted by the International Convention for the Safety of Life at Sea ("SOLAS"), which provides rules and standards to ensure that vessels are constructed, equipped, and manned to safeguard life at sea, by failing to properly maintain the vessel, train personnel, and perform appropriate risk assessment analyses. See 46 USC § § 320 1 - 3205 and 33 CFR § § 96.23 0 and 96.250.

37.     At all times material hereto, the KS Endeavour was leased and operated pursuant to a contract between KS Drilling, a subsidiary of KS Energy which was in turn employed by Field Offshore Design Engineering Limited to explore a gas borehole for and on behalf of Chevron.

38.     Chevron owed duties to Plaintiffs, inter alia, to exercise reasonable care to design, create, manage and control the borehole well and the flow of hydrocarbons therefrom in a safe and prudent manner, and to conduct its drilling operations with reasonable and ordinary care.

39.     Chevron breached its duties to Plaintiff by, inter alia:

(a) using pipe material that it knew, and which it recognized before the blowout, might collapse under high pressure;

(b) failing to require or undertake comprehensive laboratory testing to ensure the integrity of the pipe material, and failing to heed the ominous results of previous attempts at gas drilling which had revealed pump failures and top-drive failures in the device that provides the rotational force when the drilling is underway;

(c) failing to heed  warnings from drilling vessel workers and/or employees of impending problems and issues from gas escape;

(d) failing to have or take note of those qualified in risk assessment and management of complex systems like that found on the KS Endeavour;

40.     All of the foregoing acts and/or omissions by Chevron proximately caused to Plaintiff s' injuries and damages.

41.     In addition to the negligent actions described herein, and in the alternative thereto,

6009.1.3.1b

1  the injuries and damages suffered by Plaintiffs were caused by the acts and/or omissions of

2  Defendants that are beyond proof by the Plaintiffs, but which were within the knowledge and

3  control of the Defendants, there being no other possible conclusion than that the blowout,

4  explosions, fire, and hydro-carbon escape resulted from the negligence of Defendants. The

5  blowout, explosions, fire, and hydro-cardon escape would not have occurred had the Defendants

6  satisfied the duty of care imposed on them and Plaintiffs therefore plead the doctrine of res ipsa

7  loquitur.

8      42.     In addition to the foregoing acts of negligence, Plaintiffs aver that the blowout,

9  explosion, fire, and resulting escape of hydro-carbon gas were caused by the joint, several, and

10  solidary negligence and fault of Defendants in the following non-exclusive particulars:

11          (a) Failing to properly operate the KS Endeavour;

12          (b) Operating the KS Endeavour in such a manner that an explosion occurred

13              onboard, causing the fire and escape of gas;

14          (c) Failing to properly inspect the KS Endeavour to ensure that its equipment

15              and personnel were fit for their intended purpose;

16          (d) Acting in a careless and negligent manner without due regard for the safety

17              of others;

18          (e) Failing to promulgate, implement and enforce rules and regulations

19              pertaining to the safe operations of the KS Endeavour which, if they had

20              been so promulgated, implemented and enforced, would have averted the

21              blowout, explosions, fire, and gas escape

22          (f) Failing to take appropriate action to avoid or mitigate the accident;

23          (g) Negligently implementing or failing to implement policies and procedures

24              to safely conduct offshore operations in the Funiwa waters;

25          (h) Failing to ascertain that the KS Endeavour and its equipment were free from

26              defects and/or in proper working order;

27          (i) Failing to warn in a timely manner;

28

6009.1.3.1b                  17
                         COMPLAINT

1          (j)  Failing to timely bring the gas release under control;

2          (k)  Failing to provide appropriate accident prevention equipment;

3          (l)  Failing to observe and read gauges that would have indicated excessive

4               pressures in the well;

5          (m)Failing to react to danger signs; and

6          (n)  Such other acts of negligence and omissions as will be shown at the trial of

7               this matter, all of which acts are in violation of the general maritime law.

8      43.     Plaintiffs are entitled to a judgment finding Defendants liable jointly, severally, and

9 solidarily, for damages suffered as a result of Defendants' negligence and awarding Plaintiffs

10 adequate compensation in amounts to be determined by the trier of fact.

11      44.     As a direct and proximate result, the Plaintiffs have been injured as set forth herein.

12 The damages to Plaintiffs were also caused by, and/or aggravated by, the fact that Defendants

13 failed to take necessary actions to mitigate the danger associated with their operations.

14

15

16 **COUNT 111**

17 **Negligence Per Se**

18

19      45.     Plaintiffs reallege each and every allegation set forth in all preceding paragraphs of

20 this Complaint as if fully restated here.

21      46.     Defendants' conduct with regard to the manufacture, maintenance and/or operation

22 of drilling operations and oil vessels such as the KS Endeavour and the release of hazardous and

23 toxic chemicals into the environment is governed by numerous state and federal laws and permits

24 issued under the authority of these laws both in California and in Nigeria. These laws and permits

25 create statutory and regulatory standards that are intended to protect and benefit Plaintiffs,

26 including, but not limited to, those set forth in the Oil Pollution Act, 33 U.S.C. § 27 1 7(b) (the

27 "OPA") and the Nigerian Oil Pollution Act 1990.

28

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

1      47.      The Defendants violated these statutory and/or regulatory standards.

2      48.      Defendants' violations of these statutory and/or regulatory standards constitute

3 negligence per se under Californian and Nigerian law.

4      49.      Defendants had actual and/or constructive knowledge of the facts and

5 circumstances leading to and causing the incidents described herein which, in turn, caused

6 Plaintiff s' damage and injuries, and their actions and inactions were grossly negligent, reckless,

7 willful and/or wanton.

8      50.      As a direct and proximate cause of Defendants' violation of statutory and/or

9 regulatory standards, the Plaintiffs have suffered physical injuries and/or property damage.

10 Plaintiffs are entitled to a judgment in their favor for damages suffered in an amount to be

11 determined by the trier of fact, including, but not limited to, punitive damages.

12 **COUNT IV-**

13 **Nuisance**

14      51.      Plaintiffs reallege each and every allegation set forth in all preceding paragraphs of

15 this Complaint as if fully restated here.

16      52.      Chevron's conduct has significantly interfered with Plaintiffs' rights to use and

17 enjoy the environs of the coastal plains of the Niger Delta without gas penetration in the air, soil,

18 water, and other associated pollution.

19      53.      Prior to the KS Endeavour disaster, Plaintiffs enjoyed the use of the said coastal

20 waters, the rivers and creeks for fishing, boating, and other economic and recreational pursuits,

21 including residing within the area.

22      54.      Plaintiffs are entitled to judgment finding Defendants liable to Plaintiffs for

23 damages for the creation of a public nuisance.

24

25 **COUNT V**

26 **Punitive Damages**

27      55.      Plaintiffs reallege each and every allegation set forth in all preceding paragraphs of

28

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

6009.1.3.1b

19

1  this Complaint as if fully restated here. Defendants at all times were concerned primarily with

2  profit while disregarding public and environmental health and safety when undertaking their ultra-

3  hazardous activities on the KS Endeavour.

4      56.      Chevron, through its servants or agents, engaged in conduct so reckless, willful,

5  wanton and in such utter and flagrant disregard for the safety and health of the public and the

6  environment in their activities leading up to and/or during the blowout, explosions, fire, and

7  escape, as alleged herein, that an award of punitive damages against the Defendants at the highest

8  possible level as allowed by law is warranted and necessary to impose effective and optimal

9  punishment and deterrence. Plaintiffs, society and the environment cannot afford, and should

10  never be exposed to, the risks of another disaster of the magnitude caused by Defendants'

11  misconduct herein.

12      57.      Chevron were primarily concerned with profit while disregarding public and

13  environmental health and safety when undertaking their ultra-hazardous activities on the KS

14  Endeavour by continuing drilling on the gas borehole in the teeth of physical and verbal warnings

15  of impending and imminent danger and with wanton disregard to life and the environment within

16  which they directed these operations and/or by callously ignoring and/or misinterpreting abnormal

17  "red flag" signals demonstrated by smoke billowing from the well.

18      58.      Chevron's corporate culture caused and allowed it to disregard the lessons it should

19  have learned and applied from previous incidents at its facilities that resulted in extensive damage

20  and loss of life; instead it continued to place others at risk in the interests of cost -cutting and

21  financial gain.

22      59.      Chevron were primarily with profit while disregarding public and environmental

23  health and safety when undertaking its highly dangerous activities on the KS Endeavour by using

24  pipe material that it knew, and which it recognized before the blowout, might collapse under high

25  pressure; by failing to require or undertake comprehensive laboratory testing to ensure the

26  integrity of the pipe material, and failing to heed the ominous results of previous attempts at gas

27  drilling which had revealed pump failures and top-drive failures in the device that provides the

28

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

1  rotational force when the drilling is underway and by failing to heed warnings from vessel

2  workers and/or employees of impending problems and issues from gas escape;

3       60.     Chevron intentionally, recklessly, willfully and/or wantonly failed to ensure that

4  gas would expeditiously and adequately be contained within the immediate vicinity of the KS

5  Endeavour in the event of a blowout.

6       61.     Chevron intentionally, recklessly, willfully and/or wantonly caused or contributed

7  to the catastrophic hydro-carbon escape through their collective and respective disregard for

8  proper drilling and safety procedures.

9       62.     Chevron intentionally, recklessly, willfully and/or wantonly failed to ensure that

10  adequate safeguards, protocols, procedures and resources would be readily available to prevent

11  and/or mitigate the effects of an uncontrolled gas escape into the waters , soil and environment of

12  the coastal region of the Niger Delta.

13       63.     Defendants' conduct was oppressive, wanton, malicious, intentional, reckless,

14  and/or grossly negligent each time they:

15       (a) failed to properly maintain and/or operate the KS Endeavour;

16       (b) operated the KS Endeavour in such a manner that the safety and integrity of

17          the vessel and the well were disregarded to save time and money;

18       (c) ignored warnings that the integrity of the well and the vessel were in

19          jeopardy;

20       (d) failed to promulgate, implement, and enforce proper rules and regulations to

21          ensure the safe operations of the KS Endeavour;

22       (e) failed to take appropriate action to avoid or mitigate the accident;

23       (f) failed to implement policies and procedures to safely conduct offshore

24          operations in the Funiwa field;

25       (g) failed to ensure that the KS Endeavour and its equipment were free from

26          defects, properly maintained and/or in proper working order;

27       (h) failed to provide appropriate disaster prevention equipment;

28

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

1          (i)   failed to have an appropriate emergency response plan or readily available

2                response equipment.

3     64.    Chevron intentionally, recklessly, willfully and/or wantonly failed to ensure that

4    Plaintiffs would be adequately protected from exposure to harmful chemicals in oil, chemical

5    dispersants, and other harmful chemicals resulting from the hydro-carbon escape.

6     65.    Defendants' conduct, as described more fully hereinabove, is at the highest level of

7    reprehensibility, warranting and necessitating the imposition of punitive damages at the highest

8    level allowed by law, because Defendants' conduct was motivated by financial gain; because it

9    injured and endangered human and environmental health and safety; because it caused devastating

10   damage and loss to the livelihood, business, and property of Plaintiffs; because it was not isolated

11   or accidental, but part of a culture and ongoing pattern of conduct that consistently and repeatedly

12   ignored risks to others in favor of financial advantage to Defendants; and because it has

13   accordingly caused societal harm, moral outrage and condemnation, thereby warranting the need

14   to punish Defendants and deter further repetition by Defendants or others.

15    66.    Accordingly Plaintiffs are entitled to an award of punitive damages in an amount to

16   be determined at trial.

17                              **PRAYER FOR RELIEF**

18          WHEREFORE, Plaintiffs demand judgment against Defendants jointly, severally

19   and solidarily, as follows:

20          (a)  Economic and compensatory damages in amounts to be determined at trial;

21          (b)  Punitive damages;

22          (c)  Pre-judgment and post-judgment interest at the maximum rate allowable by

23                law;

24          (d)  Attorneys' fees, costs of claims preparation, and litigation;

25          (e)  Civil and or criminal penalties;

26          (f)   Any further general or equitable relief available under all applicable state,

27                federal, or maritime laws;

28

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA  90210
Tel  (310) 274-3803  •  Fax (310) 860-2430

(g) Any further relief the Court deems just and proper;

(h) Plaintiffs demand a jury trial on all claims and issues so triable.

DATED: January 13, 2014                     RUFUS-ISAACS ACLAND & GRANTHAM LLP


By:    /s/
       Jacqueline Perry
       Attorneys for Plaintiffs

1

2                        **JURY TRIAL DEMAND**

3           Plaintiffs hereby demand a jury trial on all issues so triable.

4

5    DATED: January 13, 2014              RUFUS-ISAACS ACLAND & GRANTHAM LLP

6

7                                  By:    ___/s/_____

8                                         Jacqueline Perry
                                          Attorneys for Plaintiffs
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430