1

2

3

4

5

6                      IN THE UNITED STATES DISTRICT COURT

7                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9   FOSTER OGOLA, et al.,           )  Case No. 14-cv-173-SC
                                    )
10           Plaintiffs,            )  ORDER GRANTING MOTION TO
                                    )  DISMISS WITH LEAVE TO AMEND AND
11      v.                          )  DENYING MOTION TO STRIKE
                                    )
12  CHEVRON CORPORATION,            )
                                    )
13           Defendant.             )
                                    )
14                                  )
                                    )
15                                  )
                                    )
16                                  )
                                    )
17  _____)

18

19   **I.  INTRODUCTION**

20        Now before the Court is Defendant Chevron Corporation's

21  ("Chevron") motion to dismiss Plaintiffs' First Amended Complaint.

22  ECF No. 34 ("FAC").  On May 19, 2014, the Court granted Chevron and

23  Chevron U.S.A.'s motion to dismiss Plaintiffs' original complaint,

24  with leave for Plaintiffs to amend.  ECF No. 30 ("Dismissal

25  Order").  Plaintiffs filed their FAC on June 17, 2014, and Chevron

26  responded on July 3 with a motion to dismiss the complaint and

27  ///

28  ///

strike the class action allegations.  The motion is fully briefed[1]
and suitable for determination without oral argument per Civil
Local Rule 7-1(b).  For the reasons set forth below, Defendant
Chevron's motion to dismiss is GRANTED, Plaintiffs' claims are
DISMISSED WITH LEAVE TO AMEND, and Chevron's motion to strike is
DENIED.

**II.  BACKGROUND**

On January 16, 2012, an explosion occurred on the KS Endeavor,
an offshore rig drilling for natural gas in the North Apoi Field
off of the coast of Nigeria.  The explosion caused a fire that
burned for forty-six days.  Plaintiffs are persons who reside in
the Niger Delta region of southern Nigeria.  FAC ¶ 4.  The named
plaintiffs also claim to represent 65,000 other people "directly
affected by, interested in and having claims arising out of the
incident . . . ."  Id. ¶ 12.  They allege that they have suffered
losses to their livelihood, environmental damage, and health
problems as a result of the explosion and fire.  Id. ¶ 3.

Plaintiffs initially named three defendants: Chevron, Chevron
U.S.A., Inc., and Chevron Investments, Inc.  Plaintiffs have
voluntarily dismissed their claims against Chevron U.S.A. and
Chevron Investments, ECF Nos. 35; 36, so Chevron is the only
remaining defendant in the case.  Plaintiffs allege that the KS
Endeavor was negligently operated by Chevron Nigeria Limited
("CNL") under Chevron's direction.  Id. ¶ 2.  CNL is owned by
Chevron Investments, which in turn is a wholly owned subsidiary of

_____

[1] ECF Nos. 38 ("Mot."), 40 ("Opp'n"), 42 ("Reply").

**United States District Court**
For the Northern District of California

Chevron.  <u>Id.</u> ¶¶ 13-14.  CNL is not named as a defendant in this action.  Specifically, Plaintiffs allege that Chevron was aware of equipment failures, smoke, and a dangerous buildup of gas on the KS Endeavor.  Plaintiffs allege that Chevron negligently ordered drilling to continue (or sanctioned CNL's decision to continue drilling), resulting in the ensuing explosion.  <u>Id.</u> ¶ 26.  Chevron has moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and to strike Plaintiffs' class action allegations.

**III.  LEGAL STANDARD**

    **A.  Motion to Dismiss**

    A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988).  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  The allegations made in a complaint must be both "sufficiently detailed to give fair notice

*United States District Court*
*For the Northern District of California*

to the opposing party of the nature of the claim so that the party may effectively defend against it" and "sufficiently plausible" such that "it is not unfair to require the opposing party to be subjected to the expense of discovery." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

**B.    Leave to Amend**

When a motion to dismiss is granted, a district court must decide whether to grant leave to amend.  Generally, the Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted.  See, e.g., DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).  However, a court does not need to grant leave to amend in cases where the court determines that permitting a plaintiff to amend would be an exercise in futility.  See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

**C.    Motion to Strike**

There is a split in this District as to whether a motion to strike class action allegations may be entertained at the motion to dismiss stage.  Several judges have held that they may not be.  See Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc., C-13-1803 EMC, 2014 WL 1048710, at *3-4 (N.D. Cal. Mar. 14, 2014) (Chen, J.) (denying motion to strike class action allegations because Rule 12(f) is not the proper vehicle for such a motion)[2]; Clerkin v.

---

[2] Puzzlingly, Chevron cites Tasion for the proposition that "class allegations properly are addressed on the pleadings under Rule 12(b)(6)."  Mot. at 14.  In fact, Tasion held the opposite.  Judge Chen did recognize that "[c]ourts have held previously that, in

*United States District Court*
For the Northern District of California

**United States District Court**
For the Northern District of California

1    MyLife.Com, C 11-00527 CW, 2011 WL 3809912, at *3 (N.D. Cal. Aug.

2    29, 2011) (Wilken, J.) ("Defendants fail to identify any authority

3    permitting the use of a motion to dismiss for failure to state a

4    claim to contest the suitability of class certification."); Astiana

5    v. Ben & Jerry's Homemade, Inc., C 10-4387 PJH, 2011 WL 2111796, at

6    *13-14 (N.D. Cal. May 26, 2011) (Hamilton, J.) ("[S]uch a motion

7    appears to allow a determination of the suitability of proceeding

8    as a class action without actually considering a motion for class

9    certification."); Swift v. Zynga Game Network, Inc., C 09-05443

10   SBA, 2010 WL 4569889, at *10 (N.D. Cal. Nov. 3, 2010) (Armstrong,

11   J.) (denying motion to strike class action allegations based on

12   Ninth Circuit precedent indicating that Rule 12(f) is not the

13   proper vehicle for such a motion).

14        Other judges have held that a motion to strike class action

15   allegations may be brought (but granted only rarely) at the motion

16   to dismiss stage.   See Allagas v. BP Solar Int'l Inc., C 14-00560

17   SI, 2014 WL 1618279, at *3 (N.D. Cal. Apr. 21, 2014) (Illston, J.)

18   ("A defendant may move to strike class actions prior to discovery

19   _____

20   rare circumstances, class allegations may be struck where 'the
     complaint demonstrates that a class action cannot be maintained on
21   the facts alleged, a defendant may move to strike class allegations
     prior to discovery.'"   Tasion, 2014 WL 1048710 at *3.   However,
22   Judge Chen ultimately decided "that the viability of this case law
     is questionable in light of the Ninth Circuit's decision in
23   Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970 (9th Cir.
     2010)."   Id.   Because Whittlestone limited motions to strike to
24   certain issues not including class action allegations, Judge Chen
     denied the motion.   Chevron may have been confused because Judge
25   Chen did dismiss the Tasion plaintiffs' class action allegations
     with respect to one count.   However, he did so only because the
26   underlying cause of action expressly prohibited class actions
     seeking monetary relief.   Dismissing a cause of action because it
27   is explicitly prohibited by law is entirely different from what
     Chevron requests here: essentially a denial of a motion to certify
28   the class at the motion to dismiss stage.

5

where the complaint demonstrates a class action cannot be maintained on the facts alleged therein.")[3]; <u>In re Apple, AT&T iPad Unlimited Data Plan Litig.</u>, C-10-02553 RMW, 2012 WL 2428248, at *2-3 (N.D. Cal. June 26, 2012) (Whyte, J.) (motions to strike class action allegations may be brought at the motion to dismiss stage but are disfavored); <u>Sanders v. Apple Inc.</u>, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009) (Fogel, J.) ("Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery.").  Even these judges, however, have applied a very strict standard to motions to strike class allegations on the pleadings.  Only if the court is "convinced that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense succeed" may the allegations be stricken.  <u>In re iPad Unlimited Datat Plan Litig.</u>, 2012 WL 2428248 at *2; <u>see also</u> <u>Allagas</u>, 2014 WL 1618279, at *3; <u>Sanders</u>, 672 F. Supp. 2d at 990.  Of these judges, only Judge Fogel actually granted a motion to strike.

**IV.  <u>DISCUSSION</u>**

    **A.  <u>The Negligence Claims</u>**

        **1.  <u>Imputing CNL's Liability to Chevron</u>**

    One of the bases on which the Court dismissed Plaintiffs' original complaint was that Plaintiffs had failed to plead facts

---

[3] Though Judge Illston did recognize that such motions may be brought, she observed that "[m]otions to strike class action allegations are rarely granted at the pleading stage.  The better practice is to assess class allegations through a motion for class certification."  <u>Allagas</u>, 2014 WL 1618279, at *6.  She proceeded to deny the motion to strike without analyzing its merits.

United States District Court
For the Northern District of California

sufficient to implicate the defendants, including Chevron.  The original complaint made generally unsupported legal assertions that Chevron was responsible for CNL's activities in Nigeria but did not include factual allegations to support those claims.  Chevron argues that the FAC suffers from the same deficiency.

Plaintiffs have added a number of additional factual allegations to the amended complaint.  With respect to Chevron's corporate structure, Plaintiffs allege that many of CNL's employees were also Chevron employees who "ultimately were working on assignment from Chevron Corp." FAC ¶ 17.  Plaintiffs further allege that CNL's "[p]ersonnel were selected by [Chevron] and under the control and direction of Chevron" and that Chevron "authorized pay, bonuses and job rotations" for CNL employees.

Regarding the allegedly negligent decision to continue drilling, Plaintiffs allege that "any and all decisions as to whether there should be cessation of pumping and evacuation of the rig were taken by Defendant, alternatively sanctioned by Defendant from its headquarters in San Ramon, California." Id. ¶ 27.  More specifically, Plaintiffs allege that

> [Chevron] employed a representative who was, at all material times, the Rig Superintendent [sic] with overall control on the rig.  Prior to the explosion he was attending daily report meetings with the personnel on board and in particular the Offshore Installation Manager ("OIM").  Some 3 days prior to the explosion but after the gas pressure and pumping problems had been reported, the said representative of the Defendant failed to appear at any meeting [sic] and simply disappeared. Despite instructions from the Defendant to continue operations on the rig as normal, the OIM took the initiative to launch the lifeboats in readiness to evacuate the rig.

Id. ¶ 27.  Chevron ignores these crucial additions to the FAC, essentially repeating the arguments made in support of its first

motion to dismiss.

The new facts pleaded in the FAC support both direct and indirect theories of liability.  The new facts make clear that Plaintiffs allege that Chevron, not CNL, employees had the ultimate power to decide whether or not to continue drilling once they became aware of the potentially dangerous situation on the rig.  The new facts also allege that a Chevron employee was actually running day-to-day operations on the rig.  According to the FAC, that Chevron employee had issued the instructions to continue drilling.  In other words, Plaintiffs allege that Chevron actually made the allegedly negligent decision and executed that decision through an employee on the ground in Nigeria.  The Court finds these factual allegations sufficient to support a negligence claim against Chevron directly.

Plaintiffs' FAC also supports indirect liability theories.  Generally, a corporate subsidiary is the agent of its parent if "the nature and extent of the control exercised over the subsidiary by the parent is so pervasive and continual that the subsidiary may be considered nothing more than an agent or instrumentality of the parent, notwithstanding the maintenance of separate corporate formalities . . . ."  Sonora Diamond Corp. v. Superior Ct., 83 Cal. App. 4th 523, 541 (Cal. Ct. App. 2000).  "As a practical matter, the parent must be shown to have moved beyond the establishment of general policy and direction for the subsidiary and in effect taken over performance of the subsidiary's day-to-day operations in carrying out that policy."  Id. at 542.  Three new factual allegations are critical: (1) CNL employees were actually Chevron employees under Chevron's ultimate direction; (2) Chevron actually

made operations decisions (such as the decision to continue drilling); and (3) a Chevron employee was the superintendent of the KS Endeavor responsible for the day-to-day operations of the rig. Those allegations are enough to render plausible the possibility that CNL acted as Chevron's agent.  Plaintiffs' claims cannot be dismissed on this ground.

### 2.  Injury in Fact

"To establish the irreducible constitutional minimum of standing, a plaintiff invoking federal jurisdiction must establish injury in fact, causation, and a likelihood that a favorable decision will redress the plaintiff's alleged injury." Carrico v. City & Cnty. of San Francisco, 656 F.3d 1002, 1005 (9th Cir. 2011) (internal quotation marks omitted).  An injury in fact is "an invasion of a legally protected interest which is . . . concrete and particularized." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).  This is not usually a difficult standard to meet at the pleadings stage, as "[s]tanding merely requires a redressable injury that is fairly traceable to Defendants' conduct.  Whether a plaintiff can recover for that injury under a particular theory of liability is a separate question." In re Toyota Motor Corp., 754 F. Supp. 2d 1145, 1161 (C.D. Cal. 2010).  At the very minimum, though, "there must be specific allegations that each lead Plaintiff suffered some loss." In re Toyota Motor Corp., 785 F. Supp. 2d 883, 901 (C.D. Cal. 2011).

The Court found that Plaintiffs' original complaint failed to establish standing because Plaintiffs did not plead any injury in fact to the named plaintiffs.  Dismissal Order at 9-10.  The Court noted that Plaintiffs had merely listed general categories of

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

damages they allegedly suffered.  But nowhere did they explain how

the explosion or fire on the KS Endeavor harmed Plaintiffs.  Nor

did Plaintiffs plead facts that would establish the "concrete and

particularized" injury required by <u>Lujan</u>.  The Court explained:

> There is no discussion whatsoever of how a fire on an
> offshore rig damaged the businesses, livelihoods,
> property, or health of Dr. Ogala[4] or any of the other
> plaintiffs in this case.  Plaintiffs make claims about
> damage to fish, livestock, contamination of water and
> soil, and "general health breakdown."  But there are no
> allegations that the damaged livestock belonged to
> Plaintiffs, that the Plaintiffs' livelihoods depended on
> fisheries, that the contaminated water or soil harmed
> them or their property, or that the "general health
> breakdown" affected them.

<u>Id.</u> at 10 (citation omitted).  The Court even alluded to the sort

of facts that might be sufficient to establish standing, explaining

that Plaintiffs needed to provide "some indication of what property

was damaged, who suffered what physical injuries, and how the

damage or injuries resulted from Defendants' conduct . . . ."

Dismissal Order at 10.  Finally, the Court quoted <u>In re Toyota</u> for

the proposition that "[T]here must be specific allegations that

each lead Plaintiff suffered some loss."  <u>Id.</u> at 9 (quoting 785 F.

Supp. 2d at 901).

Despite this clear instruction, Plaintiffs have not resolved

the defects with their allegations of injury.  The FAC alleges that

"Plaintiffs have suffered: losses to their livelihood;

environmental disaster impacting upon food and water supplies;

health problems all arising out of the gross negligence of the

---

[4] Plaintiffs have clarified that Dr. Ogola's name was misspelled in all of Plaintiffs' documents filed prior to June 17, 2014.  ECF No. 37.

1 Defendant."  FAC ¶ 3.  That claim is copied almost verbatim from

2 the original complaint.  See ECF No. 1 ("Compl.") ¶ 3.  They

3 further allege that that their "entitlement to compensation arises

4 out of their common and joint ownership, possession and entitlement

5 to use the land, ocean, rivers and waterways for farming, fishing,

6 general dwelling and community activities."  Id. 3.  That

7 allegation is new.  Additionally, the FAC includes the claim that

8

9       The explosion caused a massive escape of both hydrocarbon
      gas and pollutants from the drilling operations to be

10       discharged into the ocean in an area only some 5 nautical
      miles from the shoreline. The ingress of both hydrocarbon

11       gas and pollutants impacted upon the fish stocks within
      the ocean and were carried inland by tides into creeks

12       and soil. Wells supplying fresh water were affected.
      Rivers inland and fed by the sea were poisoned.

13       Additionally the fire itself which burned for some 46
      days killed immense fish stock.

14       Each community comprises individuals whose livelihood was
      reliant upon fishing and they have had their industry

15       devastated; persons eating fish that did survive or have
      drunk polluted water have sustained illness and sickness

16       caused by gas and discharged pollutants affecting both
      fish and water, all proximately and directly caused by

17       the failures on the part of the Defendant as alleged.

18

19 FAC ¶ 30.  This allegation is also new.  These facts help establish

20 the connection between Chevron's alleged negligence and the alleged

21 environmental damage.  But the FAC still fails to plead any

22 concrete injury suffered by the plaintiffs in this case.

23     The named plaintiffs are Dr. Foster Ogola, Elder Endure

24 Humphrey Fisei, Mr. Fresh Talent, Matthew Kingdom Mieseigha,

25 Chris Wilfred Itonyo, and Natto Iyela Gbarabe.  To establish

26 standing, Plaintiffs must explain specifically how each of these

27 people was injured.  Plaintiffs "must allege and show that they

28 personally have been injured, not that injury has been suffered by

other, unidentified members of the class to which they belong and
which they purport to represent." <u>Warth v. Seldin</u>, 422 U.S. 490,
502 (1975).  Plaintiffs appear to be aware of that requirement.
<u>See</u> Opp'n at 7 ("In a prospective class action, the court must
assess standing to sue based upon the standing of the named
plaintiff(s) and not upon the standing of unidentified class
members.") (citing <u>id.</u>).  But their FAC includes <u>only</u> allegations
of injury to unidentified class members.  Nowhere does the FAC ever
describe any injury to any of the named plaintiffs.  Plaintiffs
must describe a specific injury to each of the named plaintiffs.
Because they fail to do so, their FAC is insufficient to establish
standing for their negligence claims.

The Court clearly explained this defect, and even suggested
how it might be corrected, in the dismissal of Plaintiffs' original
complaint.  Plaintiffs disregarded that explanation and failed to
cure the defect in their pleadings.  Accordingly, Chevron urges the
Court to dismiss Plaintiffs' claims with prejudice.  The Court is
sympathetic to Chevron's arguments but is also cognizant of the
Ninth Circuit's directive that leave to amend should be freely
granted.  Despite Plaintiffs' failure to correct this problem in
their FAC, it is not yet clear to the Court that one more
opportunity to amend would necessarily be futile.  Therefore,
Plaintiffs' negligence claims are DISMISSED WITH LEAVE TO AMEND.

**B.**   **<u>Nuisance Claim</u>**

Plaintiffs' fourth cause of action is nuisance.  Neither the
original complaint nor the FAC specifies whether Plaintiffs bring
this claim under Nigerian law or California law, but both parties

**United States District Court**
For the Northern District of California

analyze the claim under California law.[5]   See Mot. at 13; Opp'n at 23-24.   Though the FAC asserts a count only for "Nuisance," it indicates that Plaintiffs bring a public, rather than private, nuisance claim.   FAC ¶ 89.

In its order dismissing Plaintiffs' original complaint, the Court explained that:

> Under California law, a private person may bring a claim for public nuisance only if the injury he suffers is different in kind from that suffered by public at large. Cal. Civ. Code § 3493 ("A private person may maintain an action for a public nuisance, if it is specially injurious to himself, but not otherwise.").

Dismissal Order at 14.   Generally, public nuisance claims are brought by governmental entities.   Cnty. of Santa Clara v. Superior Ct., 50 Cal. 4th 35, 55 (Cal. 2010).   "[O]nly where they have suffered a special injury that is different in kind, not just degree, from the general public" may private individuals bring a suit for public nuisance.   Birke v. Oakwood Worldwide, 169 Cal. App. 4th 1540, 1544 (Cal. Ct. App. 2009).

Plaintiffs appear to recognize this requirement, arguing that "[t]he special damage bearing upon loss of income claims have been indicated within the lists provided and further discovery will elicit further the damage injury and inconvenience affecting the population comprising the class."   Opp'n at 24.   The "lists provided" apparently refers to lists of the 65,000 members of the purported plaintiff class and are apparently in the custody of Plaintiffs' lawyer in Nigeria.   Plaintiffs claim to have provided

---

[5] Plaintiffs mention briefly that California and Nigerian nuisance laws are similar.   Opp'n at 23.   Neither party has briefed the issue of extraterritorial application of California law in this case.

**United States District Court**
For the Northern District of California

1    these lists to Chevron, but the lists are not incorporated into the

2    FAC and have never been produced to the Court.  See id. at 3.  As

3    discussed in the section on injury in fact above, Plaintiffs have

4    failed to allege any specific injury to the named plaintiffs.

5    Consequently, Plaintiffs have not adequately pleaded that they

6    suffered any injury at all, much less an injury different in kind

7    from other members of the public.

8         Once again, the Court notes that it provided clear direction

9    to Plaintiffs on how to fix this problem with their pleadings.

10   However, the Court is not yet entirely convinced that one more

11   chance to amend the pleadings would be futile.  Plaintiffs'

12   nuisance claims are therefore DISMISSED WITH LEAVE TO AMEND.

13        **C.    Motion to Strike or Dismiss Class Action Allegations**

14        Chevron also brings a motion to strike Plaintiffs' class

15   action allegations.  Chevron argues that such motions are

16   authorized by Federal Rules of Civil Procedure 23(d)(1)(D) and

17   23(c)(1)(A).  Mot. at 13.  Chevron proceeds to analyze Plaintiffs'

18   purported class under Rules 23(a) and 23(b) and argues that

19   Plaintiffs cannot bring a class action in this case.  Plaintiffs

20   respond that Chevron's motion is premature, and that, were the

21   Court to consider the motion on its merits, they have sufficiently

22   plead their class action allegations.  Opp'n at 13-23.

23        Even were the Court to permit Chevron's motion at this stage

24   of the proceedings, it would be denied.  The Court is not convinced

25   from Chevron's brief that Plaintiffs' class action could succeed

26   under no set of circumstances.  Chevron has failed to demonstrate

27   that this is one of the rare and exceptional cases in which class

28   allegations should be stricken at the motion to dismiss stage.

Accordingly, Chevron's motion to strike or dismiss the class
allegations on the pleadings is DENIED.

**V.   CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant Chevron
Corporation's motion to dismiss and DENIES Chevron's motion to
strike.  Plaintiffs' FAC is DISMISSED with leave to amend.
Plaintiffs may amend their FAC only to add facts demonstrating that
(1) the named plaintiffs suffered injury sufficient to confer
standing and (2) the named plaintiffs suffered harm different in
kind to support private maintenance of public nuisance claims.
Plaintiffs shall file an amended complaint that addresses the
concerns identified above within fourteen (14) days of the
signature date of this Order.  Failure to do so may result in
dismissal of this action with prejudice.


IT IS SO ORDERED.


Dated: August 21, 2014

_____
UNITED STATES DISTRICT JUDGE