IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOSTER OGALA, et al., | ) Case No. 14-cv-173-SC |
| Plaintiffs, | ) ORDER GRANTING IN PART AND |
| | ) DENYING IN PART DEFENDANT'S |
| v. | ) MOTIONS TO DISMISS AND TO SRIKE |
| CHEVRON CORPORATION, | ) |
| Defendant. | ) |

## I. INTRODUCTION

Now before the Court is Defendant Chevron Corporation's ("Chevron") motion to dismiss Plaintiffs' second amended complaint ("SAC"). Chevron moves in the alternative to strike Plaintiffs' assertions of claims on behalf of, and separately by, the communities in which they live. The motions are fully briefed[1] and suitable for determination without oral argument per Civil Local Rule 7-1(b). For the reasons set forth below, Defendants' motion

---

[1] ECF Nos. 49 ("Mot."), 51 ("Opp'n"), 52 ("Reply").

United States District Court
For the Northern District of California

to dismiss is GRANTED in part and DENIED in part, and Defendants' motion to strike is GRANTED in part and DENIED in part.

## II. BACKGROUND

On January 16, 2012, an explosion occurred on the KS Endeavor drilling rig, which was drilling for natural gas in the North Apoi Field off of the coast of Nigeria. The explosion caused a fire that burned for forty-six days. ECF No. 45 ("SAC") ¶ 1. Plaintiffs are persons who reside in the Niger Delta region of southern Nigeria. Id. ¶¶ 6, 11. The named plaintiffs claim to represent a class of 65,000 people who were affected by the explosion, fire, and resulting environmental damage. Id. ¶ 8. Plaintiffs allege that the KS Endeavor was operated by KS Drilling under the management of Chevron Nigeria Limited ("CNL"), which in turn acted at Defendant Chevron's direction. Id. ¶ 5. CNL is not named as a defendant in this action. Id. ¶ 16.

This is the third motion to dismiss in this case. The Court dismissed Plaintiffs' original complaint in large part because Plaintiffs failed to properly allege that Chevron was liable -- either directly or secondarily -- for CNL's actions. ECF No. 30 ("Compl. Dismissal Order") at 3-8. Plaintiffs resolved that problem in their first amended complaint, but the Court dismissed that complaint as well, because Plaintiffs failed to allege that the lead plaintiffs had suffered injury in fact. ECF No. 44 ("FAC Dismissal Order") at 9-12. Plaintiffs responded with their second amended complaint. Chevron now moves to dismiss.

///

///

## III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The allegations made in a complaint must be both "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it" and "sufficiently plausible" such that "it is not unfair to require the opposing party to be subjected to the expense of discovery." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

## IV. DISCUSSION

### A. Causation

Chevron argues first that Plaintiffs' SAC must be dismissed because Plaintiffs fail to plausibly allege causation. Chevron's argument focuses on Plaintiff Dr. Foster Ogola. Dr. Ogola asserts

3

that he is a farmer and fisherman. He claims that contamination of the air and water caused by the Endeavor explosion destroyed five of his fish ponds and polluted his farms. SAC ¶ 12(i). Chevron points out that Dr. Ogola lives in Yenogoa City, which is about sixty miles from the coast. Mot. at 5-6. According to Chevron, it is so unlikely that the explosion and fire on the Endeavor caused contamination sixty miles away that Plaintiffs' complaint is facially implausible.

The Court disagrees. Plaintiffs all live in the Niger Delta region. SAC ¶¶ 4, 11. The Court does not find it so implausible as to warrant dismissal that an explosion and the resulting fire -- which allegedly burned for almost a month and a half -- caused environmental damage sixty miles[2] upriver, or that the explosion killed fish that would otherwise migrate upriver. Plaintiffs are not required to prove causation at this stage of the proceedings, merely to plead factual allegations that "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). Plaintiffs allege generally that material discharged from the explosion polluted the ocean, rivers, and air around the site of the rig. SAC ¶ 33. Moreover, Plaintiffs provide more specific allegations with respect to other named plaintiffs. For example, Plaintiff Fresh Talent alleges that:

> As a result of the pollutants released by the KS Endeavor rig explosion, three of his fishponds suffered serious

---

[2] Other named plaintiffs may live closer to the shore than Dr. Ogola. Chevron provides no evidence or arguments regarding the other named plaintiffs.

4

> contamination from gas pollution with vast numbers of dead fish continuously found floating over the pond surfaces for a period of some two months from the date of the explosion. His general fishing yield further fell by 90% immediately after the rig explosion as a result of polluted waters in the area customarily fished in Imgbikiba Creek near his home village.

Id. ¶ 12(iii). This allegation provides adequate specificity for the Court to determine that it is, at least, plausible. Chevron's argument that it is impossible for the explosion to have caused the alleged injury is improper at this stage. Indeed, the Court is ill-suited to make that sort of determination; this is precisely the sort of matter on which expert testimony is warranted. The Court cannot conclude that Plaintiffs' allegations of causation are facially implausible. Chevron's motion to dismiss the entire SAC on this ground is DENIED.

**B.   Allegations on Behalf of Communities in Nigeria**

Chevron moves in the alternative to strike or dismiss Plaintiffs' assertions of claims on behalf of their communities (as opposed to individual members of those communities). This motion is premised on two primary arguments: (1) the Court did not grant Plaintiffs leave to amend their complaint to add such claims; and (2) under California law, communities lack standing to assert legal claims. Mot. at 7-10.

Chevron is correct as to its legal arguments. In its order dismissing Plaintiffs' first amended complaint, the Court specified that "Plaintiffs may amend their FAC only to add facts demonstrating that (1) the named plaintiffs suffered injury sufficient to confer standing and (2) the named plaintiffs suffered harm different in kind to support private maintenance of public nuisance claims." FAC Dismissal Order at 15. Accordingly, the

5

1  addition of any claims that were not brought in the FAC were added
2  without leave of the Court and without Chevron's assent.
3       It is not clear that Plaintiffs necessarily assert any new
4  claims in the SAC.  The paragraphs to which Chevron points do
5  indeed claim that "[i]n addition to individual damages suffered by
6  each claimant hereto, the communities affected by the pollution and
7  spoilage caused by the KS Endeavor rig explosion and fire have
8  sustained damage on a collective basis . . . ."  SAC ¶ 15.
9  However, the SAC is styled as a class action complaint brought on
10 the behalf of six named plaintiffs allegedly representing classes
11 of individual plaintiffs who live in certain communities.  Indeed,
12 Plaintiffs attached thousands of pages of appendices to the SAC
13 specifying the individuals allegedly harmed by Chevron's actions
14 and estimating their damages.  See SAC App'x A.  However,
15 Plaintiffs also attached a list of the communities allegedly
16 represented by each named plaintiffs.  See SAC App'x B.  It is not
17 clear whether Plaintiffs focus on communities in this way merely as
18 an organizational tool to help identify the approximately 65,000
19 class members, or whether they actually intend to assert claims on
20 behalf of the communities as well as the individuals who live in
21 those communities.  In their opposition brief, Plaintiffs clarify
22 the situation: "To claim there is an attempt to add new claims of
23 collective damage is simply erroneous."  Opp'n at 8.  Plaintiffs
24 also explain that "The exhibits serve to clarify the claimants'
25 identities.  These <u>individuals</u> live within various communities
26 within the Niger Delta."  Opp'n at 2 (emphasis added).
27      Despite Plaintiffs' clarifications, paragraph 15 of the SAC
28 does appear to assert a new collective damages claim on behalf of

the communities, rather than on behalf of the individuals who reside in those communities. SAC ¶ 15. The same cannot be said of paragraph 14, which refers to the "individuals" and "residents" who live in the Niger Delta communities. Nor does paragraph 14 assert any claim. SAC ¶ 14. The Court did not grant Plaintiffs leave to add new collective damages claims on behalf of Niger Delta communities. Accordingly, paragraph 15 of the SAC is STRICKEN, and Chevron's motion to strike is granted with respect to any claims in the SAC asserted on behalf of communities rather than the communities' individual members.

### C.   Public Nuisance Claim

The Court has previously explained to Plaintiffs that California law generally requires governmental entities to bring public nuisance claims. Private persons may bring public nuisance actions only if the nuisance "is specially injurious to himself, but not otherwise." Cnty. of Santa Clara v. Super. Ct., 50 Cal. 4th 35, 55 (Cal. 2010); FAC Dismissal Order at 13. Thus, "individuals may assert claims for public nuisance only where they have suffered a special injury that is different in kind, not just degree, from the general public." Birke v. Oakwood Worldwide, 169 Cal. App. 4th 1540, 1544 (Cal. Ct. App. 2009) (emphasis added). The Court directed Plaintiffs to amend their complaint "add facts demonstrating that . . . the named plaintiffs suffered harm different in kind to support private maintenance of public nuisance claims." FAC Dismissal Order at 15.

Plaintiffs once again fail to meet this requirement. Indeed, they acknowledge in their opposition brief that each alleged class member "claims definable and identifiable damage sustained,

7

typified by the claims of the named Plaintiffs." Opp'n at 9. If each of the 65,000 alleged class members suffered harm "typified" by the harm suffered by the named Plaintiffs, it is hard to understand how Plaintiffs can argue that the named plaintiffs suffered harm different in kind from that suffered by the public at large. The SAC also supports Chevron's argument. For example, Plaintiffs allege that Dr. Ogola "in common with many other members of his immediate community, suffered physical illness as a result of pollutants" and that Plaintiff Natto Iyela Gharabe "is aware of other community members who suffered the same health issues . . . ." SAC ¶¶ 12(i), 12(vi). Plaintiffs repeatedly assert that the named plaintiffs' injuries are typical of those suffered by other members of their communities. Id. ¶ 12. Plaintiffs generally claim that members of the alleged class suffered four types of injuries: illness, contamination of fish stocks, pollution of water supplies, and contamination of farmland. Id. ¶¶ 3, 12. None of the named plaintiffs asserts any injury <u>different in kind</u> from those injuries generally suffered throughout their communities. Id. ¶ 12. The Court has now directed Plaintiffs to fix this defect in their pleadings twice. Compl. Dismissal Order at 14; FAC Dismissal Order at 12-14, 15. Plaintiffs have failed to do so both times. Accordingly, Plaintiffs' public nuisance claim is DISMISSED WITH PREJUDICE.

///
///
///
///
///

**V. CONCLUSION**

For the foregoing reasons, Defendant Chevron Corporation's motion to dismiss is GRANTED in part and DENIED in part. Plaintiff's public nuisance claim is DISMISSED WITH PREJUDICE, but Chevron's motion is DENIED with respect to all other claims. Chevron's motion to strike is GRANTED to the extent that the SAC asserts claims on behalf of communities rather than the communities' individual members, and paragraph 15 of the SAC is STRICKEN. Chevron's motion to strike is DENIED with respect to paragraph 14 of the SAC.

IT IS SO ORDERED.

Dated: November 25, 2014

UNITED STATES DISTRICT JUDGE