*RUFUS-ISAACS, ACLAND & GRANTHAM*
*232 North Canon Drive*
*Beverly Hills, California 90210*
*By: Jacqueline Perry (State Bar No.: 218637)*
*    Neil J. Fraser (State Bar No.: 125651)*
*Telephone: (310) 274-3803*
*Fax: (310) 860-2430*
*E-Mail: jperry@rufuslaw.com/nfraser@rufuslaw.com*

Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT

## NORTH DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOSTER OGOLA, et al, | Case No.:  14-CV00173-SC |
| | [Assigned to Hon. Samuel Conti |
| Plaintiff, |  Courtroom 1) |
| | |
| v. | |
| | **DECLARATION OF NEIL J. FRASER** |
| CHEVRON CORPORATION, | **IN SUPPORT OF PLAINTIFFS'** |
| | **OPPOSITION TO MOTION FOR** |
| Defendant. | **SANCTION OF DISMISSAL** |
| | **AGAINST FIVE PLAINTIFFS FOR** |
| | **FAILURE TO COMPLY WITH** |
| | **DISCOVERY OBLIGATIONS** |
| | |
| | **Date:  June 26, 2015** |
| | **Time: 10.00 a.m.** |
| | **Court: One (Honorable Samuel Conti)** |

COMES NOW plaintiffs hereto, through their attorneys of record, and hereby submits the following declaration in support of their opposition to defendants' Motions for Sanction of Dismissal Against Five Plaintiffs.

This declaration is filed to support the factual content of the previously filed opposition in compliance with a reasonable request for such supporting material.

-1-

DECLARATION OF NEIL J. FRASER IN SUPPORT OF OPPOSITION TO SANCTION MOTION

## DECLARATION OF NEIL J. FRASER

I, NEIL J. FRASER, do hereby declare that I am over the age of eighteen years and not a party to the action herein. My business address is 232 North Canon Drive, Beverly Hills, California 90210 and I am one of the attorneys of record for plaintiffs herein. I have firsthand knowledge of the facts set forth herein and, if called as a witness, I could and would competently testify to the following:

1. That this case arises out of a gas exploratory rig explosion off the coast of Nigeria in 2012 and the plaintiffs are, and at all times relevant hereto were, all residents of the State of Bayelsa in the Federal Republic of Nigeria whom allege injury and damage as a consequence of said explosion.

2. That the laws of Nigeria require foreign counsel to use the services of duly qualified Nigerian lawyers to coordinate and conduct legal business within the nation. California counsel therefore were obligated to conduct our client contact through the authorized Nigerian law firm on this matter, which, at all times relevant hereto, was A.P. Egbegi & Company of Yenagoa, Bayelsa, Nigeria. Unless specifically authorized or unless contacted directly, all our communication with the original lead plaintiffs was required to go through the offices of Barrister Egbegi.

3. That, on February 17 and 27 2015, defendant Chevron propounded items of discovery to the named lead plaintiffs, as is correctly set forth in defendant's moving papers.

4. That, of the six original lead plaintiffs, only Natto Iyele Gbarabe has submitted responses to all discovery propounded to him. The present motion of defendant does not seek any court action or order against Mr. Gbarabe.

5. That none of the other five lead plaintiffs have provided any discovery responses at all to their U.S. counsel, despite repeated requests, as is described below. Counsel for the parties hereto have discussed this issue in several telephone conferences, the contents of which are correctly stated in the declaration of Caroline N. Mitchell in support of defendant's moving papers.

6. That Ms. Mitchell's declaration identifies a letter dated April 20, 2015 (Exhibit 10 to defendant's motion) in which our telephonic discussions on April 17, 2015 are memorialized. In regard to moving to withdraw from representing the five lead plaintiffs that have failed to respond to discovery, said letter correctly set forth the general content of our conversation, excepting there was no agreement as to the number of replacement lead plaintiffs that might be nominated. In subsequent telephone conversations with Ms. Mitchell it was explained that lead plaintiffs would be sought from the original plaintiff lists who displayed the attributes and integrity to act as lead plaintiffs and who had the backing of the communities for which they were designated as lead plaintiff.

7. Further telephonic conversations with counsel for defendant addressed the planned motions to withdraw and it was recognized that successful withdrawal would leave the five non-responding lead plaintiffs still as parties to this lawsuit, a situation which this declarant acknowledged was an unsatisfactory solution for the defense and that their present motion was one that was more appropriate to the present discovery failures of said lead plaintiffs.

8. That all good faith attempts by counsel to resolve the failure of said individuals to answer discovery have failed simply because counsel for plaintiffs have been unable to contact or generate a response from Nigerian counsel, who had insisted all communications be through his offices.

9. That, attached hereto as Exhibits A through, are the numerous e-mail communications between counsel for plaintiffs and plaintiffs' Nigerian representative, which detail the ongoing failure of the latter to provide any responsive information at all, despite stating, in an e-mail from Mr. Egbegi dated March 3, 2015, that he had some of the lead plaintiffs in his chambers at that moment, working on their responses. No such materials were ever forthcoming.

10. That one lead plaintiff of the five in question initiated his own contact with U.S. counsel. Despite being told directly of the need for him to respond the defendant's discovery documents, this lead plaintiff, Dr. Foster Ogola, has failed to provide any such responses.

**DECLARATION OF NEIL J. FRASER IN SUPPORT OF OPPOSITION TO SANCTION MOTION**

11. The attached true and correct copies of e-mails have been redacted only in so far as the redacted portions contain privileged materials or writing unrelated to the issues presented by defendant's present motion.

12. That Exhibit A consists of true and correct copies of three separate e-mails dated February 26, 2015 sent to Barrister Egbegi to which I attached the first production request of Chevron and the first set of interrogatories propounded by Chevron to each lead plaintiff, together with an explanation of the clients' obligations in responding to the discovery and the time frame applicable for response.

13. That Exhibit B is a true and correct copy of an e-mail I sent to Barrister Egbegi on March 2, 2015, requesting he confirm receipt of all discovery requests to be answered by the lead plaintiffs.

14. That Exhibit C is a true and correct copy of an e-mail I sent to Barrister Egbegi on March 3, 2015 thanking him for his acknowledgement of receipt and asking for information about the plaintiffs he claimed were in his office compiling their responses. Egbegi's e-mail on that subject matter is below said e-mail of mine, and included is another e-mail regarding the other items of discovery he acknowledges receiving on the same date.

15. That Exhibit D is a true and correct copy of an e-mail I sent to Barrister Egbegi on March 10, 2015 requesting an update on the responses and indicating the time limits.

16. That Exhibit E is a true and correct copy of an e-mail I sent to Barrister Egbegi on March 17, 2015 requesting status on the discovery responses and indicating possible sanctions for a failure to respond by the lead plaintiffs.

17. That Exhibit F is a true and correct copy of an e-mail I sent to Barrister Egbegi on March 27, 2015 indicating the continued lack of responses from all lead plaintiffs excepting Mr. Gbarabe (who responded independently) and setting forth to Barrister Egbegi our intent to realign the lawsuit to conform to proof and requesting his assistance therein.

18. That Barrister Egbegi has not contacted U.S. Counsel in any manner on the outstanding discovery and the lack of responses since his e-mail of March 3, 2015. It appears that

he has decided to no longer communicate with counsel in the U.S. but the reasons for the lack of communication have not been made clear.

19. That Exhibit G is a true and correct copy of an e-mail I sent to lead plaintiff Foster Ogola on March 10, 2015 requesting status on his responses to discovery. Mr. Ogola had previously authorized direct contact.

20. That Exhibit H is a true and correct copy of an e-mail I sent to lead plaintiff Foster Ogola on March 13, 2015 after he had telephoned me directly in which I set forth his responsibilities in responding to discovery from the defendant herein as well as his general obligations and duties to act as a lead plaintiff.

21. That Exhibit I is a true and correct copy of an e-mail I sent to lead plaintiff Foster Ogola on March 24, 2015 regarding his lack of responses and suggesting he may wish to consider voluntarily stepping down as a lead plaintiff in this case.

22. That Exhibit J is a true and correct copy of an e-mail I sent to lead plaintiff Foster Ogola on April 6, 2015 requesting he voluntarily step down as a lead plaintiff in this matter.

23. That Foster Ogola has failed entirely to communicate with counsel since the first week of April 2015 and has not provided any written responses at all to Chevron's discovery. Neither has he responded to requests he voluntarily step down and end his lead plaintiff designation as well as his participation in this lawsuit.

24. It is this declarant's belief that relations with Foster Ogola and the other four lead plaintiffs made subject of defendant's present motion have broken down irretrievably and it is not expected that any discovery responses will be received at any time from said individuals. It is noted that the phone numbers supplied for plaintiffs Itonyo and Talent in his March e-mail have been tried without success.

25. It is this declarant's belief that Barrister Egbegi has unilaterally decided to end his relations with the U.S. attorneys in this case. His position, and responsibility for coordination in Nigeria, is now handled by another barrister named Jide Okunoye, whose offices are also in Yenagoa. Mr. Okunoye has informed U.S. Counsel that he has been unable to get any

-5-

documentation from Barrister Egbegi regarding the discovery responses, nor has he been able to contact any of the five lead plaintiffs made subject of defendant's current motion.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on this, the 30th day of May 2015 at Los Angeles, California.

_____/s/_____
NEIL J. FRASER

DECLARATION OF NEIL J. FRASER IN SUPPORT OF OPPOSITION TO SANCTION MOTION

# EXHIBIT A

# Ogola, et al v. Chevron (E-mail 1-3)

February 26, 2015 6:53 PM

From NEIL FRASER

To Affinih Bayelsan Barrister, apegbegiandco@yahoo.co.uk

Cc Jacqueline Perry QC, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

    Chevron 1s...nyo 021715.pdf 4.64 MB,   Chevron 1s...sei 021715.pdf 4.62 MB,
    Chevron 1s...ola 021715.pdf 4.64 MB,   Chevron 1s...ent 021715.pdf 4.61 MB

Dear Mr. Egebegi:

I am sending the attached documents to your attention, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
urgency with which they must be addressed, because, as the coordinating attorney in Nigeria, we depend on
your efficiency to have these documents reach each of the lead plaintiffs in as prompt a manner as possible to
give them each time to fully respond. There are strict time limitations in the federal rules of civil procedure
and their responses are due on March 17, 2015. Effectively this means we must receive the responses back
from each plaintiff on or before March 11 so that they can be collated and placed in proper form for service on
Chevron.

Each plaintiff must also sign two verification forms (attached) declaring under penalty of perjury that their
responses are true and correct. It is important that you stress to each of the clients that their responses can be
used in court and could taint their credibility if they answer a question differently either in their depositions or
at trial. So they must not speculate or guess at any answers but only provide information they personally
possess and know to be true, or information that is reasonably available to them, as each has an affirmative
duty to determine what evidence is available to them. Each of the plaintiffs has already sworn an affidavit and
it is essential that any information provided in these responses does not differ from what they have already
sworn to. By this I mean each plaintiff should be very careful to be consistent and ensure no casual or careless
responses are made that could be used by Chevron to indicate any deviation from consistent truth. Each lead
plaintiff, furthermore, should make sure all documentation supporting their affidavits and discovery responses
is attached to their submissions sent to us.

In regard to documentation, their obligation is to produce the requested documents and other items that are in
their possession, or that they know exist and can access from the possessor. If they know of the existence of
any items but cannot personally get copies to send to us, they must identify the item by title, content and set
forth the name and address of the person who has possession.

Please make sure the plaintiffs all know that their timely response is mandatory and any failure to either respond appropriately, or not to respond at all, will lead to monetary sanctions issuing against them and could lead to the dismissal of their claim. Any misleading response or ones that lack specificity could lead to the same result. If they have any doubt about whether or not to send certain documents or items, they should send them to us regardless and we will determine whether or not the rules require their production to Chevron.

Feel free to provide the e-mails of Ms. Perry and myself to the clients so that they can contact us directly with any questions.

The questions and requested items are set out in a clear manner and, hopefully, the plaintiffs will have no trouble understanding what they must state in response. It is the obligation of the claimants to ensure they understand what is being asked. This means, if they are unclear what is being asked or have difficulty with the language, they must seek our help for clarification. They cannot base any failure to respond on a lack of understanding.

For guidance in answering, you may wish to provide the following, which is a quote from the federal rules of civil procedure applicable to these discovery requests:

(1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reason- ably calculated to lead to the discovery of admissible evidence.

I know, as a fellow lawyer, you will understand that the clients' obligation to respond goes beyond what is merely in

their mind or at their disposal. They must, for example, identify all documents relating to the KS Endeavor they are

aware of, such as Government reports or other reports they know of prepared for other communities.

As a practicing attorney, you will also be aware of how essential it is that you keep us informed of progress on having

these responses completed in a timely manner. Please contact us if any clarification is required of any of the

information contained herein.

Yours,

Neil Fraser
Attorney at Law

# Ogola, et al v. Chevron (3-3)

February 26, 2015 7:21 PM

From NEIL FRASER

To Affinih Bayelsan Barrister, apegbegiandco@yahoo.co.uk

Cc Jacqueline Perry QC, 

    Chevron 1s...gha 021715.pdf 4.71 MB,    Chevron 1s...abe 021715.pdf 4.62 MB,
    fiseiprodverif.doc 39.99 KB,    gbarabeprodverif.doc 40.69 KB,    itonyoprodverif.doc 40.69 KB,
    moeseighaprodverif.doc 40.69 KB,    ogolaprodverif.doc 39.99 KB,    talentprodverif.doc 39.99 KB

Dear Mr. Egebegi:

This e-mail contains the production requests propounded to plaintiffs Mieseigha and Gbarabe, plus six
verifications, one for each plaintiff, that must be dated and signed under penalty of perjury and returned with
their responses to the production requests to the undersigned. These verifications must be originals - copies
are insufficient to satisfy the federal rules.

There are therefore two verifications for each plaintiff that must be executed and returned.

Thank you.

Yours,

Neil Fraser
Attorney at Law

---

**fiseiprodverif**
39.99 KB

Download     Open in Pages

---

**gbarabeprodverif**
40.69 KB

Download     Open in Pages

---

**itonyointerrogverif**
39.99 KB

Download    Open in Pages

**moeseighainterrogverif**
39.99 KB

Download    Open in Pages

**ogolainterrogverif**
39.99 KB

Download    Open in Pages

**talentinterrogverif**
39.99 KB

Download    Open in Pages

# Ogola, et al v. Chevron

February 26, 2015 7:02 PM

From NEIL FRASER

To Affinih Bayelsan Barrister, apegbegiandco@yahoo.co.uk

Cc Jacqueline Perry QC, 

Chevron 1s...nyo 021715.pdf 2.72 MB,    Chevron 1s...sei 021715.pdf 2.7 MB,
Chevron 1s...a 021715-1.pdf 2.66 MB,    Chevron 1s...ent 021715.pdf 2.67 MB,
Chevron 1s...gha 021715.pdf 2.71 MB,    Chevron 1s...abe 021715.pdf 2.69 MB,
fiseiinterrogverif.doc 39.99 KB,    gbarabeinterrogverif.doc 40.69 KB,    itonyointerrogverif.doc 39.99 KB
moeseighainterrogverif.doc 39.99 KB,    ogolainterrogverif.doc 39.99 KB,
talentinterrogverif.doc 39.99 KB

Dear Mr. Egebegi:

This e-mail contains the interrogatories propounded to each lead plaintiff, plus a six verifications, one for each plaintiff, that must be dated and signed under penalty of perjury and returned with their responses to the undersigned. These verifications must be originals - copies are insufficient to satisfy the federal rules.

Thank you.

Yours,

Neil Fraser
Attorney at Law

> **fiseiinterrogverif**
> 39.99 KB
>
> Download    Open in Pages

> **gbarabeinterrogverif**
> 40.69 KB
>
> Download    Open in Pages

The discovery packages are being sent in three e-mails because of the size of the attachments. This e-mail contains

the Production request to plaintiffs Itonyo, Fisei, Ogola and Talent.

Thank you.

Very truly yours,

Neil Fraser
Attorney at Law

**itonyoprodverif**
40.69 KB

Download      Open in Pages

**moeseighaprodverif**
40.69 KB

Download      Open in Pages

**ogolaprodverif**
39.99 KB

Download      Open in Pages

**talentprodverif**
39.99 KB

Download      Open in Pages

# EXHIBIT B

# Ogola, et al v. Chevron

March 02, 2015 4:32 PM

From NEIL FRASER

To apegbegiandco@yahoo.co.uk, Affinih Bayelsan Barrister

Cc Jacqueline Perry QC, 

Nigeriancases.pdf 932.04 KB

Dear Mr. Egebegi:

May we please request that you confirm receipt of the discovery documents sent to you last week for distribution to the lead plaintiffs in the California lawsuit? We are now at the stage in the litigation where request and response are governed by strict and rather short time limits and we need to ensure we have the plaintiffs' responses in hand by March 11.

To this end, please provide the telephone numbers and e-mail addresses of the lead plaintiffs so that we may contact them directly and be on hand to answer any questions they may have.

It is also essential that we obtain a list of all known reports compiled by any source that are with post-impact assessment studies for all areas covered by communities in this lawsuit. Please send what reports you have and let us know the best way to acquire any reports not in your possession.

In a similar vein, we need to acquire information about the parties included in all the Nigerian cases listed in the document provided by Chevron. For ease of reference, I attach the list hereto.

We need to know what is required to obtain these High Court records, whether general case information is available online, such as party names and attorneys representing and whether assessment studies would be included in the court file. I believe you may have contacted many of the attorneys on these cases and it would be appreciated if you could provide a list of all those contacted and the people they represent.

Thank you for your continued assistance in this matter.

Yours,

Neil Fraser
Attorney at Law

# EXHIBIT C

# Re: Ogola, et al v. Chevron

March 03, 2015 12:33 PM

From NEIL FRASER

To Affinih Bayelsan Barrister

Cc Jacqueline Perry QC, 

Dear Mr. Egebegi:

Thank you for your prompt attention to this matter. May I ask which claimants were present at your office today so we know whose responses are being addressed? It would also be appreciated if you could send what responses were answered in your office today so we may begin the process of review and placement in proper format.

Thank you.

Yours,

Neil Fraser
Attorney at Law

On Mar 03, 2015, at 03:07 AM, Affinih Egbegi <paffinih@gmail.com> wrote:

Dear Mr.Fraser,
This is to acknowledge receipt ,with thanks, interrogatories in respect of the on-going case in California.Right now some of the lead claimants are in chambers carefully going through same to provide required answers.

The process continues with others whom we have sent word to reach us asap.
For now, please feel free to speak with Chris Itonyo on +234 7037888085 and Fresh Talent on +234 8105770084..You are already in touch via email with Dr Foster Ogola.
Sincerely,

Affinih Egbegi.

On Thu, Feb 26, 2015 at 8:02 PM, NEIL FRASER <neil53@me.com> wrote:
Dear Mr. Egebegi:

This e-mail contains the interrogatories propounded to each lead plaintiff, plus a six verifications, one for each plaintiff, that must be dated and signed under penalty of perjury and returned with their responses to the undersigned. These verifications must be originals - copies are insufficient to satisfy the federal rules.

Thank you.

# Re: Ogola, et al v. Chevron (3-3)

March 03, 2015 3:32 AM

From Affinih Bayelsan Barrister

To NEIL FRASER

Dear Mr.Fraser,

Thank you for your mail forwarding first set of RFP and Verification forms for completion, under penalty of perjury, in line with your Federal Rules.

We confirm that steps are being taken to reach the lead claimants and others with a view to satisfying this Discovery requirements within the time stipulated..

Sincerely yours,


Affinih Egbegi.

On Thu, Feb 26, 2015 at 8:21 PM, NEIL FRASER <neil53@me.com> wrote:
  Dear Mr. Egebegi:

  This e-mail contains the production requests propounded to plaintiffs Mieseigha and Gbarabe, plus six verifications, one for each plaintiff, that must be dated and signed under penalty of perjury and returned with their responses to the production requests to the undersigned. These verifications must be originals - copies are insufficient to satisfy the federal rules.

  There are therefore two verifications for each plaintiff that must be executed and returned.

  Thank you.

  Yours,

  Neil Fraser
  Attorney at Law

# EXHIBIT D

# Re: Ogola, et al v. Chevron

March 10, 2015 1:21 PM

From NEIL FRASER

To Affinih Bayelsan Barrister

Cc Jacqueline Perry QC

Dear Mr. Egbegi:

May I trouble you for an update on the status of the discovery responses the lead plaintiffs were working upon? Have all of them answered the interrogatories and production requests as best they can?

As noted before, we are hoping we can have their responses in rough form in our office by tomorrow, March 11, 2015, so the task of collating and checking the responses may begin with a view to timely complying with the deadline to submit the responses in proper form to Chevron's attorneys by March 19, 2015.

Thanks you for your anticipated attention to this e-mail.

Yours,

Neil Fraser
Attorney at Law


On Mar 03, 2015, at 04:07 AM, Affinih Egbegi <paffinih@gmail.com> wrote:

Dear Mr.Fraser,
This is to acknowledge receipt ,with thanks, interrogatories in respect of the on-going case in California.Right now some of the lead claimants are in chambers carefully going through same to provide required answers.

The process continues with others whom we have sent word to reach us asap.
For now, please feel free to speak with Chris Itonyo on +234 7037888085 and Fresh Talent on +234 8105770084..You are already in touch via email with Dr Foster Ogola.
Sincerely,


Affinih Egbegi.

On Thu, Feb 26, 2015 at 8:02 PM, NEIL FRASER <neil53@me.com> wrote:
Dear Mr. Egebegi:

This e-mail contains the interrogatories propounded to each lead plaintiff, plus a six verifications, one for each plaintiff, that must be dated and signed under penalty of perjury and returned with their responses to the undersigned. These verifications must be originals - copies are insufficient to satisfy the federal

rules.

Thank you.

Yours,

Neil Fraser
Attorney at Law

# EXHIBIT E

# Chevron Case

March 17, 2015 10:07 AM

From NEIL FRASER

To Affinih Bayelsan Barrister, apegbegiandco@yahoo.co.uk

Cc Jacqueline Perry QC, 

Dear Mr. Egbegi:

Please advise us of the status of the discovery responses from the lead plaintiffs in the Ogola, et al v. Chevron matter, as they are due today and we are yet to receive any rough draft responses or documents in compliance therewith.

You indicated some weeks ago you had some of the lead plaintiffs in your office working on the responses and I asked you to send myself and Ms. Perry by e-mail whatever they had done. To date, we have received nothing.

A failure to provide timely discovery responses will result in sanctions against the clients issued by the court. A continued failure to provide responses will result in a waiver of objections that may be applicable, and rise therefrom in seriousness to an ultimate sanction of dismissal of the case. I'm sure you can appreciate therefore how important it is that we receive a status report by return e-mail today.

Thank you.

Yours,

Neil Fraser
Attorney at Law

# EXHIBIT F

# Ogola, et al v. Chevron

March 27, 2015 12:24 PM

From NEIL FRASER

To Affinih Bayelsan Barrister, apegbegiandco@yahoo.co.uk

Cc Jacqueline Perry QC, 

Dear Mr. Egbegi:

Now that the deadline for submitting discovery responses propounded to the lead plaintiffs by Chevron has passed (they were due one week ago) and none other than Mr. Gbarabe have submitted their answers, we are faced with a very real and pressing situation that, for the protection of the many thousands of legitimate claimants, must be addressed immediately.

In any potential class action lawsuit, the lead plaintiffs are under a strict duty to adequately represent the interests of the people for whom they purport to act. Their failure to do so can compromise the claims of all. The failure to answer discovery in a timely manner without explanation makes it highly unlikely that the Court in San Francisco will accept our current lead plaintiffs (excepting Mr. Gbarabe) as adequate representatives of their claimants. In order to protect all genuine claimants, we think it necessary to immediately take steps to remedy this situation.

Moreover, evidence gathered over the past couple of months has raised serious questions as to whether some of the communities currently part of the lawsuit can maintain a viable claim against Chevron for damage from the KS Endeavor explosion. Although post-impact assessment reports vary somewhat as to the extent of the affected area of Bayelsa State, none that we have reviewed opine that any damage reached the LGAs of Yenagoa, Sagbama, Kolokuma/Opokuma, Ogbia or the interior communities in Ekeremor. We are of the opinion that all communities from the above-listed areas cannot establish a winnable case and, to allow them to continue to be a part of the case, would fatally compromise the other communities in Southern Ijaw, Brass, Nembe and the coastal strop of Ekeremor who can present viable damage claims.

We are therefore looking to enlist your help in trimming the case down to a size and scope capable of success and, to this end, believe all lead plaintiffs except Mr. Gbarabe be asked to step down and withdraw their claims as both lead plaintiffs and individual claimants. We believe all communities represented by Mr. Itonyo and Mr. Mieseigha must be dropped from the suit, and that this is also the situation with many of those represented by Mr. Fisei, Mr. Talent and Dr. Ogola. Of the latter three lead plaintiffs, we believe a certain number of their purported communities do have excellent claims and we urgently impress on you the need to replace said lead plaintiffs with other representatives who will actively and with diligence prosecute these claims from this point forward.

We ask that you respond to this e-mail at your earliest convenience with a proposal as to how to handle the realigning of the lawsuit against Chevron. Do you believe the noted lead plaintiffs who must be dropped will be willing to withdraw for the sake of the genuine claimants in this matter? If not, what do you propose needs to be done to accomplish this? As our Nigerian legal counsel, we look to you to provide professional guidance in this regard. Please understand that we wish no ill will towards any of the lead plaintiffs to be dropped; it is simply a logistical matter and a step that must be taken to conform to proof. We are sure that you would rather see us prevail on a viable, albeit smaller, case than lose entirely because some communities cannot

show any evidence supportive of their alleged damage, thus compromising the vitality of those that can.

Please treat this e-mail as a matter of great urgency and respond as soon as you can. Each day that passes without a resolution jeopardizes the integrity of the case.

Yours,

Neil Fraser/Jacqueline Perry
Attorneys at Law

# EXHIBIT G

# Ogola, et al v. Chevron

March 10, 2015 1:24 PM

From NEIL FRASER

To Foster Ogola

Cc Jacqueline Perry QC

Dear Dr. Ogola:

May I trouble you for an update on the status of the discovery responses you have been working upon? Have you completed your answers the interrogatories and gather the documents and other items for the production requests as best you can with the information in your possession or within your ability to secure?

As noted before, we are hoping we can have the responses in rough form in our office by tomorrow, March 11, 2015, so the task of collating and checking the responses may begin with a view to timely complying with the deadline to submit the responses in proper form to Chevron's attorneys by March 19, 2015.

Thanks you for your anticipated attention to this e-mail.

Yours,

Neil Fraser
Attorney at Law

# EXHIBIT H

# The Chevron case

March 13, 2015 5:36 PM

From NEIL FRASER

To Foster Ogola

Cc jperry@2tg.co.uk, Affinih Bayelsan Barrister,

Dear Dr. Ogola:

Thank you for your e-mail received March 10, 2015 and your telephone call subsequent thereto. As I mentioned on the telephone, I was preparing an e-mail with a full explanation of what your duties are in responding to the discovery documents you must answer and here is that e-mail.

First of all, I am sorry you feel under pressure because you are required to answer the questions posed by Chevron, along with assembling and sending to us the documentation requested but, as a highly educated gentleman, I am sure you have been aware all along that objective and verifiable proof would be needed to support and prove your claim, as well as properly authenticated documents to establish to the court's satisfaction that you have the legal authority to represent the interests of the individuals and communities you list. I know Ms. Perry impressed on you the importance of solid evidentiary materials

Given that we are now three years post-explosion, there is no doubt the court will expect you to have this body of evidence at hand and that you will provide it for examination.



It is one of the primary requirements of class certification that the named lead plaintiffs are found on examination to be "conscientious representative plaintiffs" and that their own claims are "strong" and well documented. One of the factors considered is how a lead plaintiff responds to discovery, which is exactly what you are obligated to do now in providing the answers to the questions asked by Chevron. Courts have the power to remove lead plaintiffs from that role in the litigation if there is any holding back or lack of cooperation by a lead plaintiff in responding to discovery. So, as you can see, you are under a duty to respond fully and in a timely manner to the current questions and requests, not only for the good of your own case, but also to adequately protect and serve those individuals and communities you represent. It is a solemn responsibility but, given your experience in serving the public in governmental capacities, I am sure you are both capable and knowledgeable of your obligations in such positions of responsibility.

Ms. Perry and I have given the majority of our time to this case for the past year and we believe we have achieved a great deal in that time in beating back all procedural challenges filed by Chevron. In tandem with our court work, we have been requesting supporting documentation for the evidentiary phase of this lawsuit but, frankly, have received very little in that regard from any of our clients.

Now, however, there can be no further delays as we are past the procedural stage and into the evidentiary stage of the case. The questions and requests propounded by Chevron are entirely proper within this phase of the case and the time frame within which to answer is set by statute. A failure to timely respond can have

serious consequences, beginning with monetary sanctions but rising to the ultimate penalty of dismissal of your case if there is a continued failure to provide responses, or if the responses are in any way evasive or incomplete.

There may be some differences in the rules of evidence and procedure between California and Nigeria but, since the case is filed in California, it is the local and U.S. federal rules that apply. In regard to your claimed damage to your fish ponds and farmland, the preliminary showing you must meet is to prove ownership and/or right to possession of such property. If that is established, then you can present evidence of the actual damage caused by the rig explosion.

At this point, the minimum showing required is documentation showing your property interests in your fish ponds and farmland. Any documentation setting forth your rights to these areas is relevant and, if you are unsure if any papers you possess are sufficient, we would be happy to review them and let you know if anything further is required.

In regard to proving the damage you suffered, the questions I sent you, along with those propounded by Chevron, set out what must be provided to prove loss. You were able [ ] to place a monetary value on your losses which, I'm sure, you based on objective calculations. How you determined the monetary amount of your loss is exactly what must now be provided in a form capable of independent verification.



Preparing a case does involve time and money for all involved. In order to get Chevron to pay for the damage they caused, we must bear the costs of compiling the evidence necessary to do so. Yes, Chevron and the court will demand proper authenticated evidence and the cost of assembling such materials must be borne by the plaintiffs and itemized so that, upon winning, these costs may be reclaimed as part of the litigation. But Chevron are under no obligation to pay anything to assist us in preparing the case.



This is a very important role as, under the class certification requirements set forth in the federal rules as Rule 23(a)(4), the court must find, based on the evidence presented, that you are both capable and experienced enough to represent the individual claimants' interests and that your primary motivation is to protect their best interests. To establish this, you will become the focus of intense scrutiny to ensure you meet the legal standard. This means, not only that your personal claim will be placed under the microscope and every aspect studied in minute detail to ensure you share a commonality with those you represent, but also that you personally will have to submit your reputation , personal history and private affairs to scrutiny in order to allow the court to determine you are the person best equipped to represent the interests of many thousands of claimants. These proceedings will all be conducted under oath.

By agreeing to the role of lead plaintiff, you undertook to allow this full examination by the court, as well as by

Chevron, of every aspect of your life that impacts on efficiency, integrity, honesty and capability to comprehend what can be baffling legal concepts. The court's examination can go way beyond what is relevant to the case itself and will focus on you personally, your general business affairs and the contents of your affidavit. (See, for example, the case of *Kline v. Wolf, 702 F2d 400 (2nd Circ. 1983)*). Not only will the methodology you used to win the knowing support of all the claimants you represent be meticulously examined, but your overall record and reputation for honesty and trustworthiness is considered by the court and you may be asked to verify any aspect of your professional career the court deems relevant to that determination.

It is part of the court's most focused investigation that your actions at all times have exhibited a commitment to "fairly and adequately protect the interests of the class". Essentially this duty must be found to have been, and that it will continue to be, the central focus of your involvement and that you have been responsive to all reasonable requests for information of relevance to the case. Given the size of the proposed class and the fact the court is located in another country, you, as the lead plaintiff within Nigeria, will be charged with a meeting a very high standard of efficiency, transparency and cooperation so that the court can continually depend on you to impartially make decisions on behalf of the class that are in their best interests, regardless of whether such might or might not be in your best interests. Anything less will end your participation in the case by court order.

We fully expect the court to order a painstaking investigation of every step regarding the process of claimants, including the procedures you used to ensure the genuine nature of each claim, the exact method you used to calculate individual damages and a comprehensive examination of the manner in which you ensured each individual was provided with full and open disclosure of the proceedings he had elected to be part of.

The lead plaintiff effectively puts himself forth as a true representative of all who have entrusted themselves to his care and all claims will be ordered made available to the court to ensure you have adequately complied with the necessary standards. Obviously the court will not interview all of the thousands of clients you hold yourself out to represent but it would not be surprising if it peruses the lists and selects a few dozen names at random to be made available to the court for purposes of cross-checking the issues of commonality, topicality and consent to your representation with each of them. They will be asked if they support you in the position of their representative in this action. Any failure in any aspect could materially damage the entire case and, of course, potentially render you personally liable.

As part of your duties as lead plaintiff, you must conduct yourself as the model litigant, which means you must provide discovery responses on time and make full, open disclosure of all materials sought. You are under an obligation to prove to the court you will diligently and unerringly serve the interests of those you represent and provide complete cooperation to counsel. You are under an affirmative duty to seek out and provide supporting evidence for the claims asserted and to make yourself available for deposition and examination under oath by the court. All the materials both ourselves as your counsel and Chevron as opposing counsel have requested *must* be provided to meet your obligation as lead plaintiff.

Dr. Ogola, Ms. Perry and I have accomplished a great deal in the past year and the job we have done in forcing Chevron to answer the allegations is generally considered quite remarkable within the legal community. We have also collected from various sources a wealth of evidence as to why the rig suffered a catastrophic blowout and what the effects were on the surrounding environment. But, without information from our clients as to how they specifically were damaged, all we have accomplished will not win the case. We need the

information on actual damages you and others suffered and it must be provided in compliance with the time constraints we have indicated. The court will assume three years to be sufficient time to have collected and collated such materials. Your own claimed personal losses are exclusively within your ability to articulate and authenticate. We have built the framework, now you must provide the specific details to clothe and make complete the walls of the case.

There is no way the court will consider further time to gather this evidence together. Other cases have made it clear that the lead plaintiff should be gathering and providing evidence supporting all claims from day one and providing such information to counsel. Three years since the incident is ample time to have accomplished this task. A lead plaintiff's duty is ongoing throughout the litigation and any lapse at any time can lead to decertification of the action.

Quite simply, there is no more leeway. From now on, your focus must be on what is best for those you represent while we continue to focus on the evidentiary presentation of only genuine, verifiable and scientifically sound materials. Anything less and your role in the case cannot be sustained.

Feel free to ask any other questions you have but please send all your completed answers in rough draft to us immediately so we can review them and let you know what additional materials will be required.

Thank you.

Yours,

Neil Fraser
Attorney at Law

# EXHIBIT I

# The case v. Chevron

March 24, 2015 12:10 PM

From NEIL FRASER

To Foster Ogola

Cc Jacqueline Perry QC, Affinih Bayelsan Barrister, apegbegiandco@yahoo.co.uk, 

Dear Dr. Ogola:

Your responses to the discovery propounded by Chevron is now overdue by more than a week and we have received nothing from you. 

Unfortunately we have received absolutely nothing from you. Not only does this jeopardize your own claim in the case, it also jeopardizes those of all the individuals and communities you are designated as representing by reason of your lead plaintiff status.

This is a situation that we cannot ethically allow to continue and you may wish to step down as a lead plaintiff in this case if you are not willing or able to fulfill the obligations and duties of that role. American federal courts take a very dim view of an absolute failure/refusal to provide discovery responses and this continued state of affairs could lead to sanctions - monetary, evidentiary, and, ultimately, dismissal of the case - against you personally and against those to purport to represent.

Based upon our ethical duty to our clients, we cannot allow this situation to remain unresolved. It is requested that you either provide *full, complete and accurate responses* to the discovery within seven days of this date, e.g. on or before March 31, 2015, or, in the alternative, submit a *dated, signed and notarized letter* stating you wish to withdraw as a lead plaintiff in this case and no longer pursue any claim on your own or any other individual's behalf.

We regret matters have reached this situation but you must understand that your lack of responses prejudices the claims of all those you purport to represent and we must act to protect them. You should also bear in mind the potential personal liability you may incur if you do not execute your duties as a lead plaintiff according to the law.

Yours,

Neil Fraser
Attorney at Law

# EXHIBIT J

# The Chevron case

April 06, 2015 8:05 AM

From NEIL FRASER

To Foster Ogola

Cc Jacqueline Perry QC, Affinih Bayelsan Barrister, apegbegiandco@yahoo.co.uk, 

Dear Dr.Ogola:

It is with sorrow that we hear of your lengthy health problems but we also celebrate the news of your election to the Nigerian Senate, an important and, no doubt, time-consuming position that will take you to Lagos for long stretches of time.

And perhaps it is best if you dedicate your time to the people of Bayelsa through your Senate seat as we have to inform you that your lack of response to the discovery propounded by Chevron quite some time ago has placed the case in a position of some jeopardy. Contrary to your suggestion that it is our duty to protect you by "buying time", it is actually our duty to ensure the plaintiffs in this case are adequately represented by lead plaintiffs who are immediately responsive to our requests for information and provide all requested information without delay. Unfortunately this has not been our experience in the year and a half that we have been litigating this case and the court certainly is of the opinion that you are not being pressured or stampeded to provide information when over three years have passed since the KS Endeavor rig exploded.

As you know, we are moving towards attempting to have this case designated a class action by the court. One of the key elements is a showing that the lead plaintiffs have both the same type of damage claims as all other claimants, and that their dedication to timely and complete responsiveness to requests for information supportive of the evidentiary requirements of the case is so apparent they meet their burden of proving to the court they are adequate representatives of the claimants and communities for whom they wish to act.

The unfortunate fact of the matter is that you have, to date, failed to provide *any* evidence or documentation which shows not only the damage suffered by the claimants you represent, but also have not provided anything to support your own damage claims, despite numerous requests for same and explanations as to why it was vital these materials be provided. In our opinion, the court will not now consider your request to be a lead plaintiffs and, as such, the lawsuit would not qualify for designation as a class action, leaving all the communities you represent without the means to prove their case other than to each individually come to California to testify in court.

The only way to avoid what would essentially terminate this case is by appointing new lead plaintiffs who are not tainted by delay to represent the communities which can objectively prove damage from the rig explosion, plus immediately provide documentation establishing that the claimants have provided their consent to such representation. You say in your e-mail that even shipment of materials regarding sign-up of claimants will be delayed even now, along with "procurement of other information or development of other evidence". This is simply not acceptable.

When a case is filed, the court expects it to be diligently prosecuted ▅▅▅▅▅▅▅ We have done so, even though we have worked without payment so far. ▅▅▅▅▅



As for your inquiry of the involvement of others in Nigeria to assist us in gathering evidence for the case, it is sufficient to say this was done because no competent evidence had been received in a year from you or Mr. Egbegi and we were forced to look elsewhere for supporting evidence. It is the evidence we have gathered from other sources that has kept this case alive to date.

We urge you, Dr. Ogola, to consider the needs, rights and interests of the claimants and communities in Bayelsa who suffered grievous harm as a result of the KS Endeavor explosion, and that you immediately act to protect their rights by doing the only thing you can to preserve them - and that is by voluntarily withdrawing from the case. This, we believe without doubt, is the only viable way forward and, of course, protects you from personal liability, which would attach if do not accede to our request and your continued involvement leads to a denial of class certification.

We are sorry for your health issues but, given their continuing nature, your recovery must take precedence over your involvement in this case, as must your new Senate responsibilities. So please consider the contents of this e-mail and make the right choice for yourself, the claimants, your constituents and the case and send us written authorization to dismiss your claim and you from any further involvement in this matter.

Yours,

Jacqueline Perry/Neil Fraser
Attorneys at Law

1

## PROOF OF SERVICE

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Los Angeles, State of California.  My business address is 232 N. Canon Drive, Beverly Hills, California  90210.

4

5

On June 1, 2015, I served true copies of the following document(s) described as **DECLARATION OF NEIL J. FRASER IN SUPPORT OF PLAINTIFFS' OPPOSITION TO MOTION FOR SANCTION OF DISMISSAL AGAINST FIVE PLAINTIFFS FOR FAILURE TO COMPLY WITH DISCOVERY OBLIGATIONS**  on the interested parties in this action as follows:

6

7

8

Caroline N. Mitchell
Robert A. Mittelstaedt
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Email: CNMitchell@jonesday.com;
RAmittelstaedt@jonesday.com

9

10

11

12

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with Rufus-Isaacs Acland & Grantham LLP's practice for collecting and processing correspondence for mailing.  On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

13

14

15

16

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address jwilliams@rufuslaw.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

17

18

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

19

20

Executed on June 1, 2015, at Beverly Hills, California.

21

22

/s/
Janaki Williams

23

24

25

26

27

28

**Rufus-Isaacs Acland & Grantham LLP**
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA  90210
Tel (310) 274-3803 • Fax (310) 860-2430

6009.1.3.19