UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **FOSTER OGOLA, ELDER ENDURE HUMPHREY FISEI, FRESH TALENT, MATTHEW KINGDOM MIESEIGHA, CHRIS WILFRED ITONYO, AND NATTO IYELA GBARABE,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**CHEVRON CORPORATION,**<br><br>**Defendant.** | Case No. 14-cv-00173-SC<br><br>[~~PROPOSED~~] ORDER GRANTING DEFENDANT'S MOTION FOR THE SANCTION OF DISMISSAL FOR FIVE PLAINTIFFS' FAILURE TO COMPLY WITH DISCOVERY OBLIGATIONS |

Defendant Chevron Corporation's Motion for the Sanction of Dismissal for Five Plaintiffs' Failure to Comply with Discovery Obligations was regularly heard and duly considered by this Court. Based on the papers filed in support of and opposition to the motion, and oral argument thereon, the Court makes the following findings of fact and law:

1. Plaintiffs Foster Ogola, Elder Endure Humphrey Fisei, Fresh Talent, Matthew Kingdom Mieseigha, and Chris Wilfred Itonyo (the "Five Plaintiffs") were served with two sets of requests for production of documents and one set of interrogatories in the above-captioned case.

2. The deadline for responding to this discovery was April 3, 2015.  The Five Plaintiffs did not respond on that date or at any time thereafter.

3. The Five Plaintiffs are not cooperating with their own counsel in the above-captioned case.

4. Defendant's efforts to meet and confer have not yielded any commitment to respond to the discovery by the Five Plaintiffs and there is no prospect that they will respond.

5. Applying the Ninth Circuit's five-factor test to determine whether dismissal is the appropriate sanction favors dismissal based on the facts of this case.  The first factor is the public's interest in expeditious resolution of the litigation.  This factor weighs in favor of dismissal.  *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).  The second factor is the court's need to manage its dockets.  This also weighs in favor of dismiss.  *Id.*  The third factor is the risk of prejudice to the party seeking sanctions.  If Chevron is forced to continue to litigate against plaintiffs who provide no information in response to discovery, it is prejudiced.  *Adriana Int'l Corp. v. Lewis*, 913 F.2d 1406, 1412 (9th Cir. 1990).  The fourth factor is the public policy favoring disposition of cases on their merits.  This factor weighs against dismissal as a sanction.  *Wanderer*, 910 F.2d at 656.  The final factor is the availability of less drastic sanctions.  It is unlikely under the present circumstances that other sanctions will be effective in extracting cooperation from the Five Plaintiffs.  Because the Five Plaintiffs' relationship with their counsel is broken and they are not cooperating, it is untenable to continue with them as representatives of a putative class.  *See Richardson v. City of Spokane Wash.*, 2013 U.S. Dist. LEXIS 180002, at *7 (E.D. Wash. Dec. 23, 2013).  Accordingly, I find that no less drastic sanction is feasible.

IT IS HEREBY ORDERED THAT:

Defendant's motion granted.  The Second Amended Complaint is dismissed with prejudice as to Foster Ogola, Elder Endure Humphrey Fisei, Fresh Talent, Matthew Kingdom Mieseigha, and Chris Wilfred Itonyo.

IT IS SO ORDERED.

Dated:  July 28, 2015

United States District Court Judge