IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NATTO IYELA GBARABE, et al,

    Plaintiffs,

  v.

CHEVRON CORPORATION,

    Defendant.

Case No. 14-cv-00173-SC

ORDER GRANTING DEFENDANT'S MOTION TO STRIKE THIRD AMENDED COMPLAINT

    Now before the Court is Defendant's motion to strike or dismiss Plaintiffs' third amended complaint. ECF No. 84 ("Mot."). The motion is fully briefed and suitable for determination without oral argument per Civil Local Rule 7-1(b). ECF Nos. 89 ("Opp'n"); 91 ("Reply"). The hearing has already been vacated. ECF No. 92. For the reasons set forth below, Defendant's motion is GRANTED.

    On January 16, 2012, an explosion occurred on the KS Endeavor drilling rig, which was drilling for natural gas in the North Apoi Field off of the coast of Nigeria. The explosion caused a fire that burned for forty-six days. ECF No. 45 ("SAC") ¶ 1. Plaintiffs are persons who reside in the Niger Delta region of southern Nigeria. Id. ¶¶ 6, 11. The named Plaintiffs claim to

represent a class of 65,000 people who were affected by the explosion, fire, and resulting environmental damage. Id. ¶ 8. Plaintiffs allege that the KS Endeavor was operated by KS Drilling under the management of Chevron Nigeria Limited ("CNL"), which in turn acted at Defendant Chevron's direction. Id. ¶ 5.  CNL is not named as a defendant in this action.  Id. ¶ 16.

The Court dismissed Plaintiffs' original complaint in part because the named plaintiffs purported to represent some 65,000 other members of the Nigerian communities affected by the explosion and fire.  ECF No. 30 ("Compl. Dismissal Order") at 10-11. Plaintiffs had argued that it is common practice in Nigeria for large groups of plaintiffs to sign onto a lawsuit by executing powers of attorney.  ECF No. 25 at 17-18.  As the Court explained, however, "the Federal Rules of Civil Procedure require that an action be prosecuted in the name of the real party in interest." Compl. Dismissal Order at 11; see also Johns v. Cnty. of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) (holding that power of attorney did not give plaintiff the right to assert another's constitutional claims); Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 18 (2d Cir. 1997) ("[A] power of attorney does not enable the grantee to bring suit in his own name.").  After being granted leave to amend, Plaintiffs filed their first amended complaint as a class action.  ECF No. 34 ("FAC").

On Defendant's second motion to dismiss, the Court dismissed Plaintiffs' FAC because it failed to allege that the named plaintiffs had suffered injury in fact.  ECF No. 44 ("FAC Dismissal Order") at 9-12.

On Defendant's third motion to dismiss, the Court dismissed Plaintiffs' public nuisance claim with prejudice and granted Chevron's motion to strike the second amended complaint ("SAC") to the extent that it asserted claims on behalf of communities rather than the communities' individual members. ECF No. 56 ("SAC Dismissal Order") at 9.

On March 18, 2015, the parties stipulated and the Court entered an order stating the following:

> June 1, 2015 will be the deadline for plaintiffs' counsel to file the appropriate pleadings for the purpose of limiting the currently identified lead plaintiffs and/or prospective class members to those deemed by plaintiffs' counsel to have sustainable claims. If plaintiffs intend to narrow the definition of the class from the description in the CMC Statement filed January 23, 2015, they shall do so in an appropriate pleading by June 1, 2015.

ECF No. 76 ("Stip.") ¶ 1.

On June 1, 2015, Plaintiffs filed their third amended complaint without Defendant's consent or leave of court. ECF No. 82 ("TAC"). The TAC removes five and adds eleven named plaintiffs. Chevron now moves to strike or dismiss the TAC.

Chevron argues that Plaintiff should have sought leave of the Court prior to filing the TAC pursuant to Federal Rule of Civil Procedure 15. Plaintiffs respond that the TAC names no new plaintiffs and is appropriate pursuant to the terms of the stipulated order on March 18, 2015. For the reasons set forth below, the Court agrees with Chevron.

Plaintiffs assert that Defendant's motion to strike should be denied because "[t]he new lead plaintiffs are merely those individuals drawn from the original plaintiffs in this case . . . ." Opp'n at 10. Plaintiffs seem to be suggesting that the

3

new named plaintiffs are not actually new because they were among the 65,000 community members that the original named plaintiffs claimed to represent through power of attorney.  The Court has rejected this argument at least twice, and it admonishes Plaintiffs for raising it yet again.  As explained in the Court's order on Defendant's first motion to dismiss, "the Federal Rules of Civil Procedure require that an action be prosecuted in the name of the real party in interest."  Compl. Dismissal Order at 11; see also SAC Dismissal Order at 7 ("Chevron's motion to strike is granted with respect to any claims in the SAC asserted on behalf of communities rather than the communities' individual members.").  Plaintiffs' argument that the TAC names no new plaintiffs is without merit.

    Plaintiffs also argue that the TAC is appropriate pursuant to the terms of the stipulated order entered on March 18, 2015.  The order states that "June 1, 2015 will be the deadline for plaintiffs' counsel to file the appropriate pleadings for the purpose of limiting the currently identified lead plaintiffs and/or prospective class members to those deemed by plaintiffs' counsel to have sustainable claims."  Stip. ¶ 1 (emphasis added).  The TAC does not limit the named plaintiffs.  On the contrary, it adds eleven new named plaintiffs.  The TAC therefore falls outside the scope of the March 18 order.

    Chevron also asks the Court to deny Plaintiffs leave to amend.  Given that Plaintiffs have not asked the Court for leave to file an amended complaint, Chevron's request is premature.  The Court will consider Chevron's arguments if and when Plaintiffs file an amended complaint that complies with Rule 15.

In sum, Rule 15 essentially provides two methods for the pre-trial amendment of a pleading: (1) a party may amend as a matter of course within 21 days after serving the pleading or within 21 days after service of a responsive pleading; or (2) with respect to all other amendments, a party must obtain the written consent of the opposing party or the court's leave. Fed. R. Civ. P. 15(a)(1)-(2). The TAC does not fall into either category. Accordingly, the Court GRANTS Defendant's motion to strike and STRIKES Plaintiff's TAC.

IT IS SO ORDERED.

Dated: July 28, 2015

UNITED STATES DISTRICT JUDGE