Robert A. Mittelstaedt (State Bar No. 60359)
ramittelstaedt@JonesDay.com
Caroline N. Mitchell (State Bar No. 143124)
cnmitchell@JonesDay.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:     415.626.3939
Facsimile:     415.875.5700

Attorneys for Defendant
CHEVRON CORPORATION

Jacqueline Perry (State Bar No. 218367)
jperry@rufuslaw.com
Neil J. Fraser (State Bar No. 125651)
nfraser@rufuslaw.com
RUFUS-ISAACS, ACLAND & GRANTHAM LLP
232 North Canon Drive
Beverly Hills, CA  90210
Telephone:     310.274.3803
Facsimile:     310.860.2430

Attorneys for Plaintiffs
NATTO IYELA GBARABE, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **NATTO IYELA GBARABE, et al.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**CHEVRON CORPORATION,**<br><br>**Defendant.** | Case No.  14-cv-00173-SI<br><br>STIPULATION AND [PROPOSED] ORDER RE:  CERTAIN DISCOVERY MATTERS AND CONTINUING THE CASE MANAGEMENT CONFERENCE TO APRIL 22, 2016<br><br>Judge:   Hon. Susan Illston<br><br>DATE:   March 25, 2016<br>TIME:    3:00 p.m.<br>PLACE:  Courtroom 1<br><br>TRIAL DATE:    None Set<br><br>ACTION FILED:  Jan. 13, 2014 |

Whereas, the parties have met and conferred on disputed issues and have resolved some of them and have agreed to continue discussion as to others,

The parties agree and request the Court to order as follows:

A.   <u>Depositions Regarding Class Certification Proceedings</u>.

1. Each party may depose the experts whose opinions are relied upon in support of or opposition to class certification;

2. Each party may depose any person who provided supporting information on which an expert relied, such as the laboratories providing test results;

3. Each party may depose the percipient witnesses whose testimony is offered in connection with class certification;

4. Plaintiff agrees to the re-opening of his deposition for an additional day in Nigeria, which, by agreement, shall be limited in scope to any additional evidence that has been and will be received since plaintiff's original deposition on December 9, 2015, and which is relevant to the pending class certification proceedings;

5. The parties agree to the depositions of up to 30 putative class members in Nigeria and will work in good faith to agree on an appropriate manner of selecting those class members and on deposition logistics that are acceptable to both parties (no obligation is imposed, however, to take the depositions), subject to paragraph 10;

6. Plaintiff agrees that Chevron may depose the individuals who were listed as named plaintiffs in the Third Amended Complaint, either in addition to or as part of the 30 putative class members;

7. Counsel for each party will accept deposition notices, including duces tecum notices, for categories 1-3 and 5-6, without requiring service on the witness and the lack of service on the witness will not be a basis for objecting to the discovery;

8. The parties agree that each party may depose up to five individuals in addition to those listed above, subject to any relevancy objection or an objection to the time and place of the deposition, but it will not be the obligation of the other party to produce these additional witnesses; and

1    9.     The number limit on depositions set forth in Federal Rule of Civil Procedure 34
2    shall not apply to the depositions listed above.

3    10.    By agreeing to the above-listed depositions, plaintiff's counsel is not representing
4    that the witnesses are able to pay for transport to any deposition location outside of Bayelsa State.
5    Any financial inability of a witness to attend a deposition will be the subject of good faith
6    negotiations between the parties and, if necessary, identification of a replacement witness or
7    proceedings before this Court as to the appropriate location for the depositions.

8    B.     Documents.

9    Plaintiff agrees to produce documents responsive to the eight categories below by April
10   30, 2016. Plaintiff believes that any document so produced should be limited in evidentiary use
11   to issues reasonably related to the reasonableness of the investigation of the basis for filing the
12   complaint and the first and second amendments and the methodology used in creating or altering
13   the claimant list filed as an exhibit to the Second Amended Complaint, including any documents
14   indicating that alteration of the original information provided by the claimants may have
15   occurred. If, however, defendant seeks to use any such document as relevant to other issues in
16   the litigation, the parties will meet and confer in good faith about the applicability of any asserted
17   privilege, and submit remaining disputes to the Court to resolve. It is further expressly agreed by
18   the parties that the production of these documents pursuant to this stipulation will not be used or
19   relied on in any manner by Chevron to allege any full or partial waiver of the attorney/client or
20   attorney work product privileges by plaintiff, his counsel, or any other legal representative or
21   individual who did or may have had the right to assert privilege protection at the time the
22   document in question was generated. This is without prejudice to any argument that waiver has
23   otherwise occurred without regard to this production, or plaintiff's right to oppose any such
24   waiver argument. Subject to this, plaintiff will produce documents in his possession, custody, or
25   control (including that of his lawyers or agents) responsive to the categories 1-5 and 8 and will
26   proceed as described in categories 6 and 7:

27   1.     The affidavits from plaintiffs named in the Second Amended Complaint that
28   plaintiffs' counsel relied on, in part, for the factual basis for lead plaintiffs' claims as alleged in

2                            Stipulation and [Proposed] Order re Certain Matters
                                                            CASE NO. 14-CV-00173-SI

the Second Amended Complaint, pursuant to the order of Judge Conti granting the right to amend;

    2.    Documents, if any, reflecting or memorializing plaintiff's own communications with putative class members;

    3.    A document entitled "The Role of the Lead Plaintiffs in a Class Action" prepared by plaintiffs' counsel;

    4.    All documents relating to the powers of attorney granted by the individual putative class members, including representative examples of blank forms, if any, that are in plaintiff's possession or are ascertained and made available by their current custodian; and

    5.    Any documents relating to the creation of, and methodology used in the creation of the list of 65,000 putative class members, that was attached to the Second Amended Complaint. Plaintiff will also produce any documents relating to the alteration, change or variance of the information originally provided by the claimants that may be included in said list, if any such items come into plaintiff's possession, custody or control (including present counsel and former counsel – to the extent plaintiff is able to obtain such documents – and plaintiff's agents).

<u>It is further stipulated that:</u>

    6.    Plaintiff's counsel of record will search for and review all communications with Foster Ogola and Peter Egbegi, including communications copied to or from Nicholas Ekhorutomwen or Peter Egbegi, through a date sometime in 2015 that will be agreed upon by the parties in the course of the ongoing meet and confer. Plaintiff will produce all such documents responsive to defendant's prior discovery requests, state if no such responsive documents are in the plaintiff's possession, custody or control, or will identify those documents it is continuing to withhold (or portion thereof). If plaintiff's counsel is not able to produce certain documents but knows they exist, they will describe the documents and specify why they cannot be produced;

    7.    Plaintiff's counsel will search for and review any communications with Elder Endure Humphrey Fisei, Fresh Talent, Matthew Kingdom Mieseigha, and Chris Wildred Itonyo, if any, including communications copied to or from Nicholas Ekhorutomwen or Peter Egbegi. Plaintiff will produce all such documents responsive to defendant's prior discovery requests, state

if no such responsive documents are in the plaintiff's possession, custody or control (or portions thereof), or will identify those documents it is continuing to withhold. If plaintiff's counsel is not able to produce certain documents but knows they exist, it will describe the documents and specify why they cannot be produced; and

8. The parties agree to update and supplement all discovery responses previously tendered in this litigation with any new or additional documents or other tangible items gathered subsequent to the date that initial responses were tendered, without the need to propound any further formal requests to obtain that information. The date of exchange shall be on or before April 30, 2016.

The parties are continuing to meet and confer on other issues, including the scope of any production relating to the realignment of the case and the funding agreement, and will continue to meet and confer in good faith and raise any outstanding issues at the next Case Management Conference.

C. Continuation of the Case Management Conference.

In light of these agreements and the ongoing efforts to resolve remaining disputes informally, the parties agree to continue the Case Management Conference from March 25, 2016 to April 22, 2016, or such other date as the Court orders.

Dated: March 18, 2016

JONES DAY

By: /s/ Caroline Mitchell
    Caroline Mitchell

Counsel for Defendant
CHEVRON CORPORATION

Dated: March 18, 2016

RUFUS-ISAACS, ACLAND & GRANTHAM LLP

By: /s/ Neil Fraser
    Neil Fraser

Counsel for Plaintiffs
NATTO IYELA GBARABE, et al.

|   |   |
|---|---|
| 1 | <u>SIGNATURE ATTESTATION</u> |
| 2 | I hereby attest that concurrence in the filing of this document has been obtained from all |
| 3 | persons whose signatures are indicated by a "conformed" signature (/s/) within this e-filed |
| 4 | document. |

Dated:  March 18, 2016

JONES DAY

By: /s/  Caroline N. Mitchell
     Caroline N. Mitchell

Counsel for Defendant
CHEVRON CORPORATION

IT IS SO ORDERED.

Dated: __3/22/16_____     _____

Honorable Susan Illston

NAI-1500878627