UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **Natto Iyela Gbarabe,**<br><br>        **Plaintiffs,**<br><br>**v.**<br><br>**Chevron Corporation,**<br><br>        **Defendant.** | **Case No. 14-cv-00173-SI**<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR AN ORDER COMPELLING PLAINTIFF TO COMPLY WITH DISCOVERY REQUESTS** |

    Defendant Chevron Corporation's Motion for an Order Compelling Plaintiff to Comply with Discovery Requests was regularly heard and duly considered by this Court. Based on the papers filed in support of and opposition to the motion, and oral argument thereon,

    IT IS HEREBY ORDERED THAT:

    Defendant's motion is GRANTED IN PART. Plaintiff shall produce unredacted versions of the e-mails filed as exhibits to the Declaration of Neil Fraser (ECF No. 81); any other not privileged and responsive communications with the former plaintiffs, referring attorneys and their representatives and agents; and any not privileged communications concerning the abandonment of the five former plaintiffs and narrowing of the putative class. With regard to responsive documents that plaintiff asserts are privileged, plaintiff shall provide a privilege log. In addition, with regard to the 74 communications previously identified by plaintiff as responsive but

withheld on the ground of privilege, plaintiff shall provide a privilege log. The Court makes no finding on the current record whether plaintiff has waived any privileges.

Plaintiff shall provide complete, verified responses to defendant's interrogatories stating (a) the basis on which his counsel alleged in the original complaint and first and second amended complaints that the accident had caused statewide impact and damaged the five former plaintiffs, including any not privileged communications relating to those allegations; (b) how and when plaintiff and his counsel discovered that the damages allegations were incorrect and that Schedule A was altered and included non-existent putative claimants; (c) whether plaintiff's counsel ever reviewed or had access to the documents on which Schedule A is based; and (d) the circumstances surrounding the pretermission of the five former plaintiffs and their communities, including the former lead plaintiff's desire to bring on other lawyers and the imposition of an £825,000 exit fee.

Plaintiffs shall produce the documents and provide the privilege log and interrogatory responses **no later than September 9, 2016**. If the materials or information produced in accordance with this order make supplemental class certification briefing necessary, defendant may seek appropriate leave to file such supplementation.

**IT IS SO ORDERED.**

Dated: August 26, 2016

By: _____
HONORABLE SUSAN ILLSTON
United States District Court Judge