UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATTO IYELA GBARABE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHEVRON CORPORATION,<br><br>　　　　Defendant. | Case No. 14-cv-00173-SI<br><br>**ORDER DENYING PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL AND TO SUPPLEMENT RECORD**<br><br>Re: Dkt. No. 233 |

On December 14, 2016, plaintiff filed an administrative motion seeking to file copies of 22 photographs under seal.[1] Plaintiff states that the photographs were produced by defendant "late in the evening of December 8th, just hours before the certification hearing." Dkt. No. 233 at 2. Plaintiff asserts that "not only do these materials appear to have been withheld by the defendant, they are of direct relevance to the certification proceeding and offer visual proof of six key elements thereto," namely (1) "[c]ontinuous gas upwelling beyond the date the fire was extinguished"; (2) "[s]ediment plume reaching the shoreline"; (3) "[p]ollution visible on shore"; (4) "[c]loud image/evidence of atmospheric pollution"; (5) "[e]vidence of onshore plume direction"; and (6) "[e]vidence of apparent deepwater blowout contrary to Chevron's expert (Neal Adams)." *Id*. at 1-2. Plaintiff has listed, by Bates-stamp number, which photographs fall under each of these categories.[2] Plaintiff seeks to file the photographs under seal because they were

---

[1] Plaintiff's motion states that the 22 photographs are samples, and that plaintiff's review of the production is ongoing.

[2] Some of the copies of photographs submitted by plaintiff do not contain Bates-stamps, and three photos have Bates-stamps that are illegible, and thus it is unclear under which of the six categories these photographs fall. In addition, plaintiff's motion lists 10 photographs and video stills by Bates-stamp under the category "Potential Upwelling, Beyond the Date that the Fire Ceased March 2, 2012," but those photographs do not appear to be included in the materials

designated as confidential by defendant.

Defendant opposes the administrative request on several grounds. As an initial matter, defendant states it does not believe the photographs are confidential. However, defendant contends that plaintiff has not shown good cause to supplement the record with the photographs. Defendant states that in May 2015 and May 2016, Chevron produced approximately 2,500 photographs that included photographs identical to those in five of plaintiff's six categories. Defendant states that "[f]or the balance, Chevron produced substantially similar images, such as a photo taken of the same location the day before the photo plaintiff elects to use." Dkt. No. 238 at 2. Defendant has submitted the declaration of Ms. Mitchell, which compares the recently produced photographs against the previously produced photographs, and shows that they are either identical or substantially similar. *See* Dkt. No. 238-1 ¶¶ 2-3, 5 Ex. 4-12 (identical photographs); *id.* ¶ 6, Ex. 13-25 (substantially similar photographs).[3] Defendant notes that plaintiff's own experts (Physalia/Verde) included a photo in a November reply report that is identical to one plaintiff now seeks to add. *Compare* Dkt. No. 214-3, at 19 of 71 (CVX_OGOLA_0003843), *with* CVX_OGOLA_00006982.

Defendant also disputes plaintiff's suggestion that defendant intentionally withheld the recently produced photographs. In her declaration, Ms. Mitchell states,

> When supplementing its response to plaintiff's third and fourth requests for production of documents, Chevron's counsel reviewed a hard drive that had inadvertently not been previously reviewed for responsiveness and that contained photographs that were cumulative of previously produced photographs and responsive to Request Nos. 37 and 48. Chevron promptly reviewed and prepared these documents for production, so that they would be delivered to plaintiff before the class certification hearing. The production was hand-delivered to plaintiff's counsel on December 8, 2016—the same day that the vendor released it to Chevron. Chevron explained to plaintiff at the time of production that the photographs and videotape included in the production were largely cumulative to

---

submitted by plaintiff. *See, e.g.*, CVX_OGOLA_00017016.

[3] For the 10 items listed in plaintiff's motion under the category "Potential Upwelling, Beyond the Date that the Fire Ceased March 2, 2012," for which there do not appear to be any accompanying photos, Ms. Mitchell's declaration provides previously produced photos which defendant asserts are substantially similar. Those photos are all dated after March 2, 2012. However, because plaintiff did not provide the Court with the recently produced photos in this category, the Court cannot make a comparison as to the 10 items.

2

documents Chevron had produced previously. The email containing that explanation is attached as Exhibit 3.

Dkt. No. 238-1 ¶ 4, Ex. 3.

The Court concludes that based upon the materials before the Court, plaintiff has not shown good cause to supplement the record. The Court has reviewed the photographs submitted by plaintiff as well as Ms. Mitchell's declaration and exhibits and finds that the recently produced images with identifiable Bates-stamps are in some instances identical to, and in other instances cumulative of, photographs that Chevron previously produced in response to the 1st and 2nd Requests for Production in May 2015 and May 2016. Plaintiff has not shown any material differences between the previously produced photographs and those that he now seeks to file, and thus the Court DENIES plaintiff's administrative motion to supplement the record.

**IT IS SO ORDERED**.

Dated: February 13, 2017

_____
SUSAN ILLSTON
United States District Judge